MARY PLATTO et al., Respondents, v. BERTHA STIER, Appellant, et al., Defendants.

First Department, June 30, 1953.

*William L. Shumate* of counsel (*Shumate, Barrett & Molloy,* attorneys), for appellant.

*Harry Zeitlan* of counsel (*Murray Eisenberg,* attorney), for respondents.

*Per Curiam.* Plaintiffs are husband and wife who sue to recover for personal injuries sustained in an automobile accident. Defendant is the registered owner of an automobile involved in the collision. Plaintiff husband was driving the automobile in which his wife was a passenger. Defendant's automobile was being driven by one Eugene Schechter. Plaintiffs' car was traveling in the left lane, in an easterly direction on a six-lane divided highway in New Jersey approaching the George Washington Bridge. Defendant's automobile was traveling in a westerly direction in the left or center lane (depending upon whose testimony is credited), on the other side of the highway. Plaintiffs' vehicle, which plaintiffs testified was traveling at no more than fifteen or twenty miles per hour, suddenly and unexpectedly went into a skid. As a result of the skid it traversed the raised dividing island, the intermediate westbound lanes, and came to a stop at an angle in the opposite westbound roadway in the far or outside westbound lane; it barely touched a bus which had come to a stop at the far lane when the operator saw the impending accident. In a matter of seconds, stated by plaintiffs to be about thirty seconds, defendant's car traveling along in a westbound lane and, according to defendant, at no greater speed than twenty-five miles per hour, struck plaintiffs' car in the middle right. The pavement of the highway was partly covered with snow, slushy and icy in spots. It had been snowing recently. The damage to the front of defendant's car and the side of plaintiffs' car indicated a heavy impact. It is notable that defendant's car was almost immediately struck in the rear by a following automobile owned and operated by one Martin Johr.

The bus driver testified that plaintiffs' car had come to a stop for fifteen seconds before being struck by defendant's car. He said that plaintiffs' car when he first observed it was traveling about thirty miles per hour. Prior to the trial he had made a statement that defendant's car was not going very fast.

We note the obvious, that estimates of time, expressed in terms of precision, particularly of very short intervals, in times of stress, emergency or, at the other extreme, of periods of inaction, are quite unreliable.

The circumstances of this accident have not established that defendant's driver was negligent or that plaintiffs' driver was free from contributory negligence. For plaintiffs' car to skid the great distance it did over the raised dividing island, that car initially must have been traveling at a considerably greater speed than fifteen or twenty miles per hour. While the bus driver testified that he could foresee the accident and bring his bus to a stop, a driver of such a vehicle sits in an elevated position with a greater and clearer view of traffic in the vicinity. There was insufficient credible evidence to show that defendant's driver failed to do what any reasonable man would have done faced with a similar emergency, nor to satisfy that he had a timely awareness of plaintiffs' peril. Certainly it seems unreasonable to charge defendant's driver with negligence for being unable to prevent striking the skidded car when the road conditions were supposed to be such that the person in control of the skidded car could not keep it from jumping clear across an island dividing a six-lane highway.

While we hesitate to alter the findings of the learned Special Referee, the evidence in this case does not support recovery by plaintiffs.

Judgment in favor of plaintiffs should be reversed on the facts, and the complaint dismissed.

COHN, J. (dissenting). The finding of the experienced and learned Special Referee that defendant-appellant was guilty of negligence and that plaintiffs were free from contributory negligence was fully warranted by the evidence.

The vehicle owned by plaintiff Mary Platto was standing still for a sufficient length of time for the driver of appellant-defendant's car to have avoided this accident had he exercised reasonable care under the circumstances. The testimony shows that plaintiffs' car was at rest for about thirty seconds before the happening of the accident, and that approximately three to five seconds before the impact appellant's vehicle was ninety feet

from the car operated by plaintiff Sidney Platto. According to his own testimony, the driver of appellant's car could see ahead of him approximately two blocks. Traveling at the rate of twenty-five miles an hour under the conditions prevailing at the time of the accident, he could have brought his vehicle to a stop within twenty feet. He testified that he did not see the bus which was at the place of the accident, and apparently he did nothing to avoid the collision when he could readily have done so.

Upon all the evidence in this case, it may not be said that the trial court should have reached a different conclusion.

The judgment should be affirmed.

DORE, J. P., CALLAHAN and BREITEL, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm in opinion in which BERGAN, J., concurs.

Judgment reversed, with costs to the appellant and judgment is directed to be entered in favor of the defendant, dismissing the complaint herein, with costs.