■ RUTH MOROWITZ, Appellant, v LAWRENCE D. NAUGHTON, Appellant, and EDITH MARGONE, Respondent. (Action No. 1.) JACK MARGONE et al., Respondents, v LAWRENCE D. NAUGHTON, Appellant. (Action No. 2.)—In consolidated actions to recover damages for personal injuries, etc., Lawrence D. Naughton, the defendant in actions Nos. 1 and 2, appeals from an order of the Supreme Court, Nassau County (Brucia, J.), entered December 21, 1987, which granted a motion of the plaintiffs Jack and Edith Margone in action No. 2 for summary judgment in their favor on the question of liability and granted the cross motion of the defendant Edith Margone in action No. 1 for summary judgment dismissing the complaint in that action insofar as it is asserted against her and dismissing his cross claim against her, and Ruth Morowitz, the plaintiff in action No. 1, appeals, as limited by her brief, from so much of the order as granted the cross motion of the defendant Edith Margone in action No. 1. The appeals bring up for review so much of an order of the same court, dated June 21, 1988, as, upon reargument, adhered to the original determination (CPLR 5517).

Ordered that the appeals from the order entered December 21, 1987 are dismissed, as that order was superseded by the

order dated June 21, 1988, made upon reargument; and it is further,

Ordered that the order dated June 21, 1988 is affirmed insofar as reviewed; and it is further,

Ordered that the defendant-respondent in action No. 1 and the plaintiffs-respondents in action No. 2, appearing separately and filing separate briefs, are awarded one bill of costs.

The instant actions arise out of an automobile accident that occurred on August 8, 1986, in which the vehicle operated by the defendant Naughton, which was proceeding south on South Oyster Bay Road, crossed over the double lines and a fire lane, striking head on a vehicle driven by Edith Margone in the northbound lane. Ruth Morowitz, the plaintiff in action No. 1, was a passenger in the Margone vehicle. There was an eyewitness to the accident who was driving his car immediately next to the Margone vehicle.

While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party (see, Viegas v Esposito, 135 AD2d 708; O'Callaghan v Flitter, 112 AD2d 1030). The defendant Naughton was undeniably responsible for causing the accident, while Mrs. Margone was in no position to take any steps to either reasonably foresee or avoid the head-on collision.

The papers submitted in opposition to the motion and cross motion for summary judgment failed to raise the existence of any bona fide issues of fact (see, Rotuba Extruders v Ceppos, 46 NY2d 223, 231). "It is well settled that 'a shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough' to defeat a motion for summary judgment" (Mayer v McBrunigan Constr. Corp., 105 AD2d 774, quoting from Gelb v Bucknell Press, 69 AD2d 829, 830). Thus, the Supreme Court, Nassau County, properly granted summary judgment to the Margones. Mangano, J. P., Kunzeman, Rubin and Balletta, JJ., concur.