FREDERICK E. EISENBACH et al., Appellants, v MARGARET F. ROGERS, Defendant, and BERTRAND K. BURR et al., Respondents.—Levine, J.

This action arises out of a collision between a vehicle driven by plaintiff Frederick E. Eisenbach (hereinafter plaintiff) and a vehicle owned by defendant Central Hudson Gas and Electric Corporation and operated by defendant Bertrand K. Burr (hereinafter collectively referred to as defendants). The accident occurred at or near the crest of a hill on State Route 32 in Ulster County when plaintiff, traveling southbound, lost control of his vehicle and swerved sharply into the northbound lane where he collided with Burr. The evidence indicates that plaintiff lost control as a result of being forced into the western shoulder of the roadway by a car allegedly driven by defendant Margaret F. Rogers, which was heading north in plaintiff's southbound lane.

Ronald Smith, a nonparty witness who was traveling north at the time of the accident, provided a sworn statement describing the events leading up to the accident. Smith averred that as he reached the crest of the hill he was passed on the left by a vehicle heading north in the southbound lane and that this vehicle forced plaintiff off the road. Looking in his rearview mirror, Smith saw plaintiff come back onto the

roadway and veer into the northbound lane. Smith then followed the car that had passed him and reported the license number to the police.

Following pretrial discovery, defendants moved for summary judgment dismissing the complaint against them. In support of the motion, Burr submitted portions of his own testimony at an examination before trial (hereinafter EBT) and also excerpts of plaintiff's and Rogers' EBT testimony, the police accident report and the sworn statement of Smith. The evidence shows that in the vicinity of where the accident occurred there is a single southbound lane and two northbound lanes heading up the hill which merge into one lane at or near the crest of the hill. Burr's EBT testimony indicates that he was traveling up the hill at a lawful speed in a northbound lane when, as he approached the crest of the hill, he observed plaintiff's car just as it veered directly across the road toward him. Burr testified that he responded by slamming on his brakes but he could not avoid colliding with plaintiff's vehicle. The foregoing evidence prima facie established a complete defense to plaintiff's action, i.e., that plaintiff's vehicle suddenly careened into the lane where Burr was lawfully driving and there was nothing he could have done to avoid the collision (see, Stinehour v Kortright, 157 AD2d 899; Morowitz v Naughton, 150 AD2d 536, 537). Therefore, it was incumbent upon plaintiff to submit evidence in admissible form to create an issue of fact as to Burr's negligence, contributing to the happening of the accident (see, Zuckerman v City of New York, 49 NY2d 557).

In plaintiff's opposing papers, he relies on portions of Burr's EBT in which Burr testified that he was "not aware" of any other vehicles around him as he proceeded up the hill and did not know which of the two northbound lanes he was in at that time. Plaintiff, however, has failed to demonstrate how Burr's alleged inattentiveness contributed in any way to the happening of the accident.

Alternatively, plaintiff claims that Burr was negligent in improperly using the northbound passing lane as he was coming up the hill and in failing to yield to Rogers, who was thus forced to pass Burr by going into the southbound lane. Plaintiff contends that Burr thereby violated Vehicle and Traffic Law §§ 1128 and 1122 (b). The only proof of this version of the accident is contained in plaintiff's opposing affidavit in which he averred that, as he proceeded southbound to the crest of the hill, he observed three oncoming vehicles ahead of him and that one of these vehicles, driven

by Rogers, was approaching in plaintiff's lane of traffic. Plaintiff then averred that the center vehicle of the three was "obviously" the one driven by Burr and that the "facts [from Smith's affidavit] lead to but one conclusion", that Burr's was the middle of the three vehicles. However, Smith's description does not in any way support plaintiff's conclusion since he averred that Rogers, and not Burr, passed on his immediate left. Thus, plaintiff's claim that the accident was partially caused by Burr's failure to yield to Rogers is nothing more than a bald, speculative conclusion, insufficient to defeat a motion for summary judgment (see, *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231; *Morowitz v Naughton, supra*, at 537). Thus, in our view, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint against them.

Order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.