■ MICHELLE E. GAETA, an Infant, by ELIZABETH GAETA, Her Mother and Natural Guardian, et al., Respondents, v MICHELLE MORGAN, an Infant, by DOLORES A. MORGAN, Her

---

Mother and Natural Guardian, et al., Respondents, et al., Defendant, and ANNE P. MACKINNON et al., Appellants. (Action No. 1.) MICHELLE MORGAN, Respondent, v ANNE P. MAC-KINNON et al., Appellants. (Action No. 2.)—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Stolarik, J.), entered June 12, 1990 in Rockland County, which denied motions by defendant Lynn E. Urban for, *inter alia,* summary judgment dismissing the complaints in action Nos. 1 and 2 against her and by defendants Anne P. MacKinnon and John A. MacKinnon for, *inter alia,* summary judgment dismissing the complaint against them in action No. 1 and dismissing the complaint in action No. 2 against Anne P. MacKinnon.

The present actions arose out of a three-car collision on State Route 17 in the Village of Sloatsburg, Rockland County, on August 2, 1987. A Ford Mustang automobile driven northbound by Michelle Morgan hit a bump, crossed over the center lane of the four-lane highway and collided with a southbound Volvo station wagon driven by defendant Anne P. MacKinnon (hereinafter MacKinnon) and thereafter with a pickup truck, also southbound, operated by defendant Lynn E. Urban.

Michelle E. Gaeta and Dawn McPartland were passengers in the Mustang. All three occupants of the Mustang were ejected during the course of the collisions and sustained serious personal injuries. In action No. 1, Gaeta and McPartland brought suit against Morgan, Urban and MacKinnon for the negligent operation of their vehicles, and against MacKinnon's husband, John A. MacKinnon, as the alleged owner of the Volvo. In action No. 2, Morgan brought suit against Urban and MacKinnon for their alleged negligence. The gravamen of the causes of action against Urban and MacKinnon was that they had sufficient time to stop their vehicles prior to colliding with the Mustang and, therefore, their negligent failures to avoid the collisions were concurrent causes of the injuries suffered by Gaeta and McPartland.

Following examinations before trial (hereinafter EBTs), the MacKinnons and Urban moved for summary judgment dismissing the complaints against them on the ground that the uncontested evidence established, as a matter of law, that Urban and MacKinnon were confronted with a sudden emergency when the Mustang crossed into their lanes of traffic and, thus, could not have proximately caused the collisions. Urban alternatively sought dismissal of Morgan's action against her on the ground that the evidence established that

Morgan was ejected from the Mustang prior to its colliding with her pickup truck. Lastly, John MacKinnon moved for summary judgment based upon his submission of documentary evidence, consisting of the Volvo's certificate of title and registration, showing that it was his wife and not he who owned the Volvo. Supreme Court denied all the motions, concluding that there were outstanding issues of fact as to all defenses.

In our view, Supreme Court correctly denied Urban's and the MacKinnons' motions for summary judgment against all plaintiffs. The various witnesses and parties testifying at the EBTs were in agreement that the collisions occurred after the Mustang drifted over the center line of State Route 17 and then turned sharply into the oncoming traffic. The consensus of the testimony was that the first collision occurred in a matter of only a few seconds after the Mustang first crossed into the southbound lanes. This clearly would support the contention of the MacKinnons and Urban that the sole proximate cause of the collisions was Morgan's loss of control and crossing into the opposing traffic lanes (see, Moller v Lieber, 156 AD2d 434, 435; see also, Palmer v Palmer, 31 AD2d 876, 877, affd 27 NY2d 945). However, at one point in Urban's testimony at her EBT, she stated that 20 seconds elapsed between the Mustang's crossover and the first collision. Although Urban later retracted this estimate, it was not incredible as a matter of law (see, Daly v Casey, 38 NY2d 808, 810; see also, Somersall v New York Tel. Co., 52 NY2d 157, 167-168). Thus, her testimony in this respect may not be rejected for purposes of summary judgment. A 20-second interval between the crossover of the Mustang and the first collision is sufficient to create fact issues as to whether MacKinnon and Urban had time to bring their vehicles to a stop or otherwise avoid the collision and whether the failure to do so contributed to causing the accidents (see, Tenczar v Milligan, 47 AD2d 773, 774, lv denied 36 NY2d 645; see also, Platto v Stier, 308 NY 699, revg 282 App Div 242).

From our review of the record, however, we conclude that Supreme Court erred in not granting Urban's motion as to Morgan's cause of action against her in action No. 2. The uncontested evidence was that Morgan was ejected from the Mustang before it collided with Urban's pickup truck. Hence, the second collision did not contribute to Morgan's injuries.

Likewise, Supreme Court should have granted John MacKinnon's motion for summary judgment in action No. 1 based on his documentary evidence that his wife was the owner as

well as the operator of the Volvo automobile. The certificate of title in her name was prima facie evidence, and created a rebuttable presumption that she was the owner of the vehicle *(see,* Vehicle and Traffic Law § 2108 [c]; *Sosnowski v Kolovas,* 127 AD2d 756, 758). Additionally, the Volvo was registered to her and she was the named insured in the insurance policy covering the car. The fact that it was her husband's occupation that was designated in the policy as the occupation of the named insured was, at best, equivocal on who was the named insured, and therefore insufficient to create a triable issue as to John MacKinnon's ownership *(cf., Young v Seckler,* 74 AD2d 155).

Mahoney, P. J., Weiss, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting summary judgment dismissing the complaint in action No. 1 against defendant John A. MacKinnon and dismissing the complaint in action No. 2 against defendant Lynn E. Urban, and, as so modified, affirmed.