■ DAVID A. GOUCHIE, Respondent, v ROBERT GILL et al., Respondents, and ROBERT F. COOK, Appellant. [605 NYS2d 709] — Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant Robert F. Cook's (defendant) motion for summary judgment dismissing plaintiffs' complaints. A driver in his proper lane of travel is not required to anticipate that a car going in the opposite direction will cross over into that lane *(see, Palmer v Palmer,* 31 AD2d 876, 877, *affd* 27 NY2d 945; *Gooch v Shapiro,* 7 AD2d 307, *affd* 8 NY2d 1088). The failure of a driver, not otherwise negligent, who encounters such a car, "to avert the consequence[s] of such an emergency can seldom be considered negligent" *(Breckir v Lewis,* 21 AD2d 546, 549, *affd sub nom. Breckir v Pleibel,* 15 NY2d 1027, citing *Meyer v Whisnant,* 307 NY 369). A driver faced with a vehicle careening across the highway directly into his path "is not liable for [his] failure to exercise the best judgment or for any error[s] of judgment on [his] part" *(Wolfson v Darnell,* 15 AD2d 516, 517, *affd in part and dismissed in part* 12 NY2d 819). Once a defendant establishes that a head-on collision was caused by plaintiff's crossing over into defendant's lane of travel, defendant has established "a complete defense to plaintiff's action" *(Eisenbach v Rogers,* 158 AD2d 792, 793, *lv denied* 79 NY2d 752; *see also, Morowitz v Naughton,* 150 AD2d 536, 537). It then becomes "incumbent upon plaintiff to submit evidence in admissible form to create an

issue of fact as to [defendant's] negligence contributing to the happening of the accident" *(Eisenbach v Rogers, supra,* at 793).

Defendant's proof concerning the manner in which the accident occurred was sufficient to establish a complete defense to plaintiffs' actions. Plaintiffs, on the other hand, failed to raise a triable issue of fact concerning possible negligence of the defendant that might have contributed to the accident. Even considering two statements of defendant, which were not in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557, 563), we conclude that plaintiffs offered no evidence to suggest that defendant could have done something to avoid the collision *(see, Eisenbach v Rogers, supra,* at 793; *Morowitz v Naughton, supra,* at 537; *see also, Viegas v Esposito,* 135 AD2d 708, 709, *lv denied* 72 NY2d 801). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Balio, Doerr and Boomer, JJ.