■ DOROTHY J. FORBES, Respondent, v ROBERT C. PLUME, Appellant. (And a Third-Party Action.) [609 NYS2d 387] —Cardona, P. J. Appeal from an amended order of the Supreme Court (Doran, J.), entered January 11, 1993 in Schenectady County, which, *inter alia,* granted plaintiff's motion for partial summary judgment on the issue of liability.

It is uncontroverted that on July 19, 1991, plaintiff was traveling southbound on State Route 50 in the Town of Ballston, Saratoga County, while defendant was traveling northbound on the same two-lane road. Defendant alleges that a car in front of him stopped short, causing him to swerve his car to the left. Defendant's automobile crossed into the southbound lane and struck plaintiff's vehicle. Plaintiff sustained injuries and commenced this action. Subsequent to the accident, defendant entered a plea of guilty to failing to drive on the right half of the roadway (Vehicle and Traffic Law § 1120 [a]).

Plaintiff moved for summary judgment and Supreme Court ruled that defendant's defense premised upon the emergency doctrine did not apply. The court found that defendant's negligence was the proximate cause of the accident. Defendant appeals.

We affirm. Under the circumstances here, we find that plaintiff set forth sufficient evidentiary facts through her

sworn affidavit, the police accident report and the motor vehicle accident report filed by defendant to entitle her to judgment as a matter of law *(see,* CPLR 3212 [b]; *see also, Whitely v Lobue,* 24 NY2d 896; *Gardner v Ethier,* 173 AD2d 1002). The burden shifted to defendant to demonstrate by admissible proof the existence of a triable issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Gardner v Ethier, supra,* at 1003). Defendant, as the nonmoving party, has failed to meet this burden. In support of the emergency doctrine defense, defendant offers a conclusory and unsupported allegation that he was forced to hit his brakes and swerve to the left because the car in front of him stopped short. This statement does not establish that his conduct was the product of " 'a sudden and unforeseen occurrence not of [his] own making' " *(Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327) because he was under a duty to maintain a safe distance between his automobile and the automobile in front of him *(see,* Vehicle and Traffic Law § 1129 [a]). "[H]is failure to do so, in the absence of an adequate, nonnegligent explanation, constituted negligence as matter of law" *(Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833; *see, Opalek v Oshrain,* 33 AD2d 521).

Similarly, we find that defendant has failed to offer proof in admissible form that plaintiff could have done something to avoid the collision or that her behavior contributed to the accident *(see, e.g., Woolley v Coppola,* 179 AD2d 991; *Gaeta v Morgan,* 178 AD2d 732). "A driver in [her] proper lane of travel is not required to anticipate that a car going in the opposite direction will cross over into that lane" *(Gouchie v Gill,* 198 AD2d 862; *see, Palmer v Palmer,* 31 AD2d 876, *affd* 27 NY2d 945). Defendant's unsupported contention that plaintiff could have avoided the collision is nothing more than a " ' "shadowy semblance of an issue" ' " *(Morowitz v Naughton,* 150 AD2d 536, 537). This allegation is not sufficient to raise a triable issue of fact that her conduct was negligent *(see, Ugarriza v Schmieder,* 46 NY2d 471). "While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" *(Morowitz v Naughton, supra,* at 537; *see, Viegas v Esposito,* 135 AD2d 708, *lv denied* 72 NY2d 801; *see also, Cummins v Rose,* 185 AD2d 839).

Accordingly, we affirm Supreme Court's grant of partial summary judgment to plaintiff on the issue of liability.

Mikoll, Crew III, Casey and Weiss, JJ., concur. Ordered that the amended order is affirmed, with costs.