■ HANOVER INSURANCE COMPANY, as Subrogee of NOREEN MOGLIA, et al., Respondents, v CHAD J. WASHBURN, Appellant. [631 NYS2d 451] —Mercure, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 25, 1994 in Albany County, which granted plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff Noreen Moglia was driving northbound on State Route 28A in the Town of Ulster, Ulster County, on August 1, 1992 when defendant, traveling southbound on a motorcycle, collided with her vehicle. This action was commenced to recover for property damage to Moglia's automobile. Plaintiffs moved for summary judgment on the issue of liability, presenting prima facie evidence that defendant had crossed the center line of the highway into Moglia's lane of traffic. In addition to Moglia's affidavit and deposition testimony, plaintiffs submitted an affidavit of the investigating police officer stating the opinion that the location of skid marks and accident debris fixed the point of impact in Moglia's traffic lane. Further, de-

fendant pleaded guilty to two traffic violations, including failure to keep right. Defendant opposed the motion with nothing more than the uncertain deposition testimony that, although the collision occurred near the center line, he did not know which side he was on when he struck Moglia. He also offered the self-serving explanation that his guilty plea was merely a matter of convenience. Supreme Court granted plaintiffs' motion. Defendant appeals.

We affirm. Plaintiffs made a solid evidentiary showing that defendant's negligence was the sole and proximate cause of the accident and the damage to Moglia's vehicle (see, Forbes v Plume, 202 AD2d 821; Eisenbach v Rogers, 158 AD2d 792, lv dismissed 76 NY2d 983, lv denied 79 NY2d 752). Moglia was not required to anticipate that defendant's vehicle would cross over the center line into her lane (see, Benedetto v City of New York, 166 AD2d 209, 210). Defendant failed in his obligation to assemble and lay bare affirmative proof that a genuine issue of fact existed (see, Zuckerman v City of New York, 49 NY2d 557, 563; Hasbrouck v City of Gloversville, 102 AD2d 905, affd 63 NY2d 916). Defendant's speculation and conjecture concerning the accident was insufficient to meet this burden (see, Cohen v Masten, 203 AD2d 774, lv denied 84 NY2d 809; Gouchie v Gill, 198 AD2d 862). Accordingly, Supreme Court properly granted plaintiffs' motion for summary judgment on the issue of liability.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.