■ MELISSA TIBERI, Respondent, v JACK A. BARKLEY, JR., et al., Appellants. [641 NYS2d 204] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 13, 1995 in Greene County, which denied defendants' motion for summary judgment dismissing the complaint.

This personal injury action arises out of a two-vehicle collision that occurred on December 26, 1992, at approximately 4:50 A.M. on County Route 26, a two-lane road in the Town of New Baltimore, Greene County. Just prior to the accident, plaintiff remembers traveling in the westbound lane heading toward a curve in the road that was followed by a straight section of road, with a slight to moderate downgrade. Traveling in the opposite lane of traffic, which is an uphill straightaway of approximately 500 feet, was defendant Jack A. Barkley, Jr. (hereinafter defendant), who was operating his wife's truck. Defendant testified that he first saw plaintiff's vehicle up ahead as it rounded the curve and he noticed that her vehicle was partially in his lane. Defendant then saw plaintiff pull back

over into her own lane. As plaintiff's vehicle came within a few yards of his truck, however, defendant observed plaintiff's vehicle begin to slide out of her lane and toward his own vehicle. Defendant applied his brakes and veered to the right onto the shoulder but the two vehicles nevertheless collided and came to a rest on the shoulder of the eastbound lane. Plaintiff sustained serious injuries as a result of the collision and claims to have no memory as to how the accident occurred. Plaintiff commenced this action alleging that defendant's negligence caused or contributed to the accident. Defendants moved for summary judgment dismissing the complaint, but this motion was denied by Supreme Court. Defendants now appeal.

We reverse. Even assuming that plaintiff is correct in maintaining that she should be accorded greater latitude in defending this motion because she cannot describe what happened in the accident (*cf., Bochnak v Mackes*, 159 AD2d 882, 883, *lv denied* 76 NY2d 706), we nevertheless conclude that Supreme Court should have granted defendants' motion for summary judgment. It is settled law that "[o]nce a defendant establishes that a head-on collision was caused by [a] plaintiff's crossing over into defendant's lane of travel, [the] defendant has established 'a complete defense to [the] plaintiff's action'" (*Gouchie v Gill*, 198 AD2d 862, quoting *Eisenbach v Rogers*, 158 AD2d 792, 793, *lv dismissed* 76 NY2d 983, *lv denied* 79 NY2d 752). Plaintiff must thereafter create an issue of fact as to the contributory negligence of defendant in order to prevent the granting of judgment (*see, Eisenbach v Rogers, supra*, at 793).

Here, plaintiff does not dispute defendant's version of the accident in any substantive respect,[1] but instead "disputes defendant's testimony that he acted reasonably once he became aware of plaintiff's position on the roadway". Specifically, plaintiff points out that defendant concededly did not flash his lights or operate his horn when he initially saw plaintiff's vehicle leave her travel lane. Further, in an affidavit from Phillip Kent, one of the homeowners who defendant sought help from after the collision, it was claimed that defendant had bloodshot eyes and smelled of alcohol. Kent also averred that defendant did not tell him there was another car involved in the crash for 10 minutes. Based on this proof, Supreme Court found that defendant's credibility as to "post accident events" was in question, as was his assertion that he was not intoxicated.

---

1. Plaintiff does not dispute the basic information contained in the police accident report submitted with defendants' motion papers, although she does argue that it should not be considered because it is an uncertified, unauthenticated copy.

In our view, however, this proof was insufficient to raise a question of fact on the pivotal issue of proximate cause. Even if, as plaintiff alleges, defendant was under the influence of alcohol at the time of the accident and was evasive with Kent as a result, there is still nothing in the record other than bald speculation indicating that any impairment or action by defendant caused or contributed to the happening of the accident (*see, David v Granger*, 35 AD2d 636; *see also, Eisenbach v Rogers, supra; Bavaro v Martel*, 197 AD2d 813; *Morowitz v Naughton*, 150 AD2d 536).[2] Rather, confronted with an emergency, defendant applied his brakes and veered onto the right shoulder attempting to avoid colliding with plaintiff's vehicle (*see, Cohen v Masten*, 203 AD2d 774, *lv denied* 84 NY2d 809).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.

---

2. Notably, there is no dispute here that defendant spoke with the State Police at the accident scene and was not even administered a field sobriety test, much less a blood alcohol test. In fact, the record indicates that *plaintiff* was ticketed for failure to keep right as a result of the accident, although apparently this charge was later reduced.