■ SERGE ROCOURT, Individually and as Parent and Natural Guardian of SEBASTIEN ROCOURT, an Infant, et al., Respondents, v ANN E. KELLY et al., Defendants, and BRIAN GLASS et al., Appellants. [658 NYS2d 953] —In an action to recover damages for personal injuries, etc., the defendants Brian Glass and Sheldon Glass appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated May 17, 1996, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint and all cross claims insofar as asserted against the appellants are dismissed.

The infant plaintiff was injured when the moped he was riding collided with an automobile driven by the defendant Ann E. Kelly. The plaintiffs alleged, *inter alia,* that someone in the automobile owned by the appellant Sheldon Glass and operated by the appellant Brian Glass was talking to the infant plaintiff immediately before the accident. The Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiffs have failed to demonstrate any legal duty owed to the infant plaintiff by the operator of the appellants' vehicle, which duty was breached and was a substantial cause of the accident (*see, Pulka v Edelman,* 40 NY2d 781). In light of the showing made by the appellants upon their motion and the plaintiffs' failure to demonstrate the existence of a triable issue of material fact, the appellants were entitled to summary judgment (*see, e.g., Morowitz v Naughton,* 150 AD2d 536, 537). Rosenblatt, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.