■ VICKI COLVIN, Individually and as Parent and Guardian of JACOB COLVIN, an Infant, Plaintiff, v CYNTHIA C. GIRUZZI, Defendant and Third-Party Plaintiff-Appellant. THOMAS COLVIN, Third-Party Defendant-Respondent. (And Another Related Action.) [689 NYS2d 719] —Peters, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered September 18, 1998 in Madison County, which, *inter alia*, granted third-party defendant's motions for summary judgment dismissing the third-party complaints.

On April 17, 1996, Thomas Colvin was traveling with his two sons, Jacob and Dylan, southbound on a two-lane highway, when he was struck head-on by defendant's vehicle. Defendant, traveling in the opposite direction, described the conditions she encountered as she crested the very steep hill. "[I]t was like [a] twilight zone, the wind was blowing from both east and west, there was approximately 8 to 10 inches of deep slush, hard, crunchy, icy slush and it had deep tracks, tire tracks, in the slush. And as soon as my vehicle got up the crest and started to level off, the tires were grabbed by the slush and thrown into the opposite lane, the southbound lane." In a supporting deposition given to the police, defendant iterated the conditions she encountered and stated that she was traveling at approximately 40 miles per hour. Finally, she contended that although she could see Colvin's truck, she could not avoid hitting it before the collision. Colvin, suffering from amnesia after the accident, stated in his deposition testimony that the last thing he recalled was going by a church at approximately 45 miles per hour, never seeing defendant's vehicle before the accident.

As a result of the injuries sustained by the children, plaintiff brought two separate actions; one, individually and as parent and guardian of Jacob, and the other as administrator of the estate of Dylan.* Defendant commenced a third-party action in each lawsuit against Colvin seeking, *inter alia*, contribution and/or indemnification. After joinder of issue, Colvin separately moved for summary judgment in each action, submitting the affirmation of counsel which annexed, *inter alia*, excerpts from deposition transcripts of both Colvin and defendant, as well as defendant's supporting deposition given to the police. In opposition, defendant submitted her own affidavit which asserted that when she crested the hill, Colvin's vehicle was approximately 500 to 550 feet from her vehicle, thereby giving him approximately 5 to 6 seconds to take evasive action. Based upon Colvin's failure to do so, defendant argued that the ques-

* Dylan died from meningitis approximately one week after the accident.

tion of Colvin's culpable conduct should be submitted to the jury. Defendant additionally submitted an affirmation of her counsel annexing photographs of the subject roadway under clear conditions. Although not included in the record, it appears that counsel engaged in mathematical calculations in opposition to the motions to support defendant's assertion that Colvin had ample time to avoid the accident.

Supreme Court found defendant's proffer of the theory underlying Colvin's culpable conduct to be unsupported by any expert testimony and without evidentiary foundation. Following the court's granting of the motions for summary judgment based upon the uncontradicted testimony that defendant swerved into Colvin's lane of travel, defendant appeals.

We agree with Supreme Court that Colvin's uncontroverted submission demonstrating that defendant's vehicle traversed into his lane of travel and struck his vehicle as a result of her lane crossing constituted a "complete defense" to the third-party actions (*see, Tiberi v Barkley*, 226 AD2d 1005, 1006; *Eisenbach v Rogers*, 158 AD2d 792, *appeal dismissed* 76 NY2d 983, *lv denied* 79 NY2d 752). With the burden thereafter shifting to defendant to submit admissible evidence demonstrating the existence of a viable issue of fact as to Colvin's negligence (*see, Eisenbach v Rogers, supra,* at 793; *see also, Frank Corp. v Federal Ins. Co.*, 70 NY2d 966), we agree that defendant's proffer was insufficient. Her lay observations, after the fact, of the distance between the vehicles, coupled with her attorney's photographs and groundless mathematical calculations which failed to account for road conditions, simply constituted "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" (*Zuckerman v City of New York*, 49 NY2d 557, 562), barren of any admissible proof that Colvin failed to act reasonably or contributed to the accident in any manner.

Accordingly, we affirm Supreme Court's order in its entirety.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.