■ MILAGROS PERALTA et al., Respondents, v RAYMOND C. MOORE, JR., et al., Defendants, and PETER R. SANDOLO et al., Appellants. [707 NYS2d 666] —In an action, *inter alia,* to recover damages for personal injuries, the defendants Peter R. Sandolo and Elizabeth A. Paterson appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 1, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Milagros Peralta testified both at the hearing pursuant to General Municipal Law § 50-h and at her examination before trial that she was traveling westbound on the Belt Parkway. After moving her car into the middle lane from the right-hand lane in order to avoid hitting the car in front of her, her car was struck in the rear by a vehicle owned by the defendant New York City Transit Authority and operated by the defendant Raymond C. Moore. She then swerved into the left lane of traffic and collided with the appellants' car.

While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion

will be granted where, as here, "the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" (*Morowitz v Naughton,* 150 AD2d 536, 537; *see also, Eisenbach v Rogers,* 158 AD2d 792, 793). The plaintiff Milagros Peralta, by her own sworn testimony, was responsible for causing the accident between her vehicle and the appellants' vehicle, while the appellants were in no position to take any steps to either reasonably foresee or to avoid the collision.

The papers submitted in opposition to the motion for summary judgment failed to demonstrate the existence of any issues of fact (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). Accordingly, the Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.