■ NATALIYA KHAITOV, Individually and as Administrator of the Estate of BORIS KHAITOV, Deceased, Respondent, v NATALE MINEVICH, Appellant. [716 NYS2d 750] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered September 30, 1999 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On August 29, 1993, what was to have been an enjoyable day trip to Vermont suddenly turned tragic for two couples celebrating their wedding anniversaries. The couples, plaintiff and her husband and defendant and her husband, were all traveling in defendant's vehicle which was proceeding north on US Route 7 in Sunderland, Vermont, at a point in the highway where there was a single northbound lane and two southbound lanes merging into one. Defendant was driving. As she approached an incline in the northbound lane, two oncoming southbound vehicles—a car driven by Ralph Parenti and a truck driven by Bradford Howarth—were fighting side-by-side at excessive speeds to beat each other into the merged lane. These two vehicles collided at or near the merge point causing Parenti's car to spin around, cross into the northbound lane of traffic and collide with defendant's vehicle. Defendant's vehicle then flipped over twice, ultimately coming to rest on the

northbound shoulder of the road. Plaintiff's husband, who was sitting in the back seat, died from the injuries he sustained as a result of the accident and plaintiff, individually and as the administrator of his estate, commenced this action against defendant. At issue on appeal is an order of Supreme Court denying defendant's motion for summary judgment dismissing the complaint.

Relying on the well-settled precept that one driving in a proper traffic lane is not required to anticipate that a vehicle traveling in the opposite direction will cross over into that lane (*see, e.g., Cohen v Masten*, 203 AD2d 774, 775, *lv denied* 84 NY2d 809), defendant argues that there was nothing she could do to avoid the collision and therefore summary judgment should have been awarded to her. Despite defendant's prima facie showing that this collision was caused solely by the negligence of Howarth and Parenti, particularly the latter's careening into her path of travel at a high rate of speed (*see, Tiberi v Barkley*, 226 AD2d 1005, 1006; *Eisenbach v Rogers*, 158 AD2d 792, 793, *appeal dismissed* 76 NY2d 983, *lv denied* 79 NY2d 752), we agree with Supreme Court that plaintiff countered with sufficient proof to raise a question of fact as to whether defendant could have done something to avoid the collision (*cf., Forbes v Plume*, 202 AD2d 821, 822; *Gouchie v Gill*, 198 AD2d 862).

Defendant testified at an examination before trial that as soon as she saw the Parenti and Howarth vehicles traveling parallel to each other (one of which she thought was actually traveling in her lane of traffic), she applied her brakes and veered to the right. Defendant estimated that the entire incident—from the time she observed these southbound vehicles to the moment of impact—was only five seconds. Plaintiff's version of events, however, is materially different (*cf., Tiberi v Barkley, supra*). Plaintiff testified that defendant never applied her brakes or veered to the right at any point in time prior to impact, despite the passage of what she estimated to be between 10 and 15 seconds (*compare, Davis v Pimm*, 228 AD2d 885, *lv denied* 88 NY2d 815). The essence of plaintiff's claim against defendant is that had defendant applied her brakes and/or moved to the right when she first noticed the vehicles traveling side-by-side, she might have been able to avoid the ensuing collision. At the very least, plaintiff argues, questions of fact have been raised as to whether defendant had the ability to avoid the accident and acted reasonably under the circumstances. While a jury may indeed reject plaintiff's version of events, we are not free to do so at this juncture.

Simply stated, these differing versions offer more than pure speculation that defendant might have been able to avoid this collision (*see, Gaeta v Morgan*, 178 AD2d 732, 734; *cf., Cohen v Masten, supra*; *Forbes v Plume, supra*; *Gooch v Shapiro*, 7 AD2d 307, 308-309, *affd* 8 NY2d 1088).

Defendant would have this Court ignore plaintiff's differing testimony on these critical issues. She criticizes plaintiff's claim that she did not slow down or turn to the right as being "without merit" and argues that plaintiff "failed to produce admissible evidence to support [it]." To this end, she relies extensively on a postaccident police report as proof that she was not negligent as a matter of law. Although this report concluded that Parenti was at fault for the accident and that Howarth also shared "some responsibility," the report does not resolve the disputed factual issue of whether defendant braked and/or veered to the right within a reasonable period of time upon perceiving the danger. There is certainly no specific finding in this report that defendant took all reasonable measures to avoid the accident, as defendant claims. In the absence of any expert proof from either party establishing conclusively how the accident occurred, this Court is left with the conflicting testimony of two factual witnesses who each give a differing account of defendant's conduct, accounts which are critically different with respect to the issue of evasive action. Given this conflict, we are constrained to find that whether defendant "acted prudently here is * * * a question for the trier of fact to decide" (*Davey v Ohler*, 188 AD2d 726, 727; *see, Gaeta v Morgan, supra*).

Crew III, J. P., Spain, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.