■ DONALD C. BROWN, Respondent, v TIMOTHY F. SCHULTZ et al., Appellants. [735 NYS2d 254] —Cardona, P.J. Appeal from

an order of the Supreme Court (Rumsey, J.), entered July 2, 2001 in Cortland County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages for personal injuries sustained when he was struck by an automobile driven by defendant Timothy F. Schultz. The accident occurred in the parking lot of a convenience store as plaintiff walked from the gas pumps to the store entrance. Following joinder of issue, defendants' motion for summary judgment was denied by Supreme Court prompting this appeal.

We affirm. In support of their motion, defendants submitted, inter alia, the affidavits of Schultz and the store clerk in which each alleged that plaintiff jumped out in front of Schultz' vehicle. They further offered plaintiff's deposition testimony indicating that he did not know how the accident happened. This evidence was sufficient to meet defendants' initial burden on their motion (see, CPLR 3212 [b]). In response, plaintiff submitted, inter alia, an affidavit wherein he specifically denied jumping out in front of Schultz' vehicle. Furthermore, although plaintiff did testify that he did not know how the accident happened, he, nevertheless, stated that he looked both ways before walking towards the store entrance and did not see any approaching vehicles. Moreover, the record contains Schultz' deposition wherein he testified that he was well aware of the existence of pedestrian traffic from the gas pumps to the store but never saw plaintiff until after the collision. In his report filed with the Department of Motor Vehicles, Schultz stated that his vehicle came around a corner when plaintiff stepped out from behind a parked van and Schultz could not stop.

The evidence raises factual issues, including, inter alia, the manner in which the accident happened and whether Schultz exercised reasonable care as he drove between the gas pumps and the convenience store, an area he knew was frequented by pedestrians. Given the existence of triable issues that cannot be resolved as a matter of law (see, Persaud v Shark Patrol, 267 AD2d 41), Supreme Court properly denied defendants' motion.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.