■ ELIZABETH WALLACE, Individually and as Executor of BRENT WALLACE, Deceased, Appellant, v FRANCIS D. TERRELL, Respondent. [744 NYS2d 551] —Mugglin, J. Appeal from an order of the Supreme Court (Cobb, J.), entered September 17, 2001 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff is the executor of the estate of her son, Brent Wallace, who died as a result of injuries sustained in a March 1997 motor vehicle accident on State Route 81 in the Town of Coxsackie, Greene County. Wallace, driving at night in a heavy

snowstorm, lost control of his vehicle on a downhill curve and skidded into the oncoming lane, where he was struck by defendant's vehicle. Although a court-ordered blood test showed defendant's blood alcohol content to be .10 percent, establishing that he was legally intoxicated, the investigating authorities determined that his intoxication played no role in the accident. Plaintiff commenced this negligence action against defendant in February 1998. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that although defendant's driving while intoxicated constituted negligence per se, plaintiff had submitted no proof upon which a jury could conclude that his negligence was the proximate cause of the accident. Plaintiff appeals.

Although defendant's driving while intoxicated unquestionably constitutes negligence per se, in order for liability to attach, "[i]t must also be proved that the negligence was the cause of the event which produced the harm" (*Sheehan v City of New York*, 40 NY2d 496, 501). "Furthermore, proximate cause is no less essential an element of liability because the negligence charged is premised in part or in whole on a claim that a statute * * * has been violated * * *" (*id.* at 501 [citations omitted]). Therefore, defendant's legal intoxication, without a showing of causation, cannot provide a basis for liability (*see*, *Tiberi v Barkley*, 226 AD2d 1005, 1007; *David v Granger*, 35 AD2d 636, 637).

Defendant asserted that the Wallace vehicle unexpectedly skidded into his lane and that he braked but could not avoid the collision. Deposition testimony from both the State Trooper who initially investigated the accident and the State Police accident reconstruction expert concluded that there was no contributory fault on the part of defendant. Defendant thus prima facie established that there was nothing he could have done to avoid the collision, and "it was incumbent upon plaintiff to submit evidence in admissible form to create an issue of fact as to [defendant's] negligence contributing to the happening of the accident" (*Eisenbach v Rogers*, 158 AD2d 792, 793, *lv dismissed* 76 NY2d 983, *lv denied* 79 NY2d 752; *see*, *Smith v Brennan*, 245 AD2d 596, 597). Specifically, plaintiff needed to raise a question of fact as to whether the accident was more likely caused by defendant's negligence than by some other factor (*see*, *Gayle v City of New York*, 92 NY2d 936, 937). Plaintiff contends that defendant's intoxication would have slowed his reaction time and therefore contributed to the accident. However, plaintiff offers no proof to establish that defendant

could have taken any kind of evasive action under the circumstances. As unsupported speculation is not sufficient to defeat a motion for summary judgment (*see, Tiberi v Barkley, supra* at 1007; *White v La France,* 203 AD2d 765, 766, *lv dismissed* 84 NY2d 977), we conclude that Supreme Court properly granted defendant's motion.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.