■ Dorothy Chisholm, Respondent, v Kathleen A. Mahoney et al., Appellants. [756 NYS2d 314] —Peters, J. Appeal from an order of the Supreme Court (McGill, J.), entered January 25, 2002 in Clinton County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff's vehicle collided with a vehicle driven by defendant Kathleen A. Mahoney (hereinafter defendant) while it was proceeding west on Cornelia Street in the City of Plattsburgh, Clinton County. Cornelia Street is a five-lane highway with two lanes designated to eastbound travel, two lanes designated for westbound travel and one lane designated as a turning lane. The record reflects that as defendant was traveling in the innermost lane, the left side of plaintiff's vehicle collided with the left rear of defendant's vehicle as plaintiff attempted to cross the five lanes of traffic.

Plaintiff commenced this action against defendant and defendant's parents, the owners of the vehicle, for injuries she sustained as a result of the accident. Defendants thereafter moved for summary judgment, asserting that plaintiff's negligence was the sole cause of the accident. Supreme Court denied the motion, as well as their later motion for reargument. Defendants appeal the denial of the motion for summary judgment.

Preliminarily, we reject defendants' first contention that Supreme Court erred in its acceptance of the unsworn and unverified deposition of Muriel Guynup, the sole passenger in plaintiff's car at the time of the collision. Plaintiff's attorney mailed the deposition transcript to Guynup for her review and signature approximately one year after she testified and it was returned, unsigned, to his office due to her death. At the time of the preparation of the deposition transcript, Theresa Tobin,

the stenographer before whom the deposition was taken, executed a sworn statement indicating that it was a true and correct transcript.

In efforts to avoid attacks on the competency of a transcript, CPLR 3116 (a) provides, in pertinent part, that "[i]f the witness fails to sign and return the deposition within sixty days, it may be used as fully as though signed" (CPLR 3116 [a]; *see Zabari v City of New York*, 242 AD2d 15, 17; *Thomas v Hampton Express*, 208 AD2d 824, 825, *lv denied* 85 NY2d 803; *see also* 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 3116.07). With no contention that Guynup's health was known to be at issue and with plaintiff having met her burden of showing that she attempted to have Guynup review her transcript (*see Palumbo v Innovative Communications Concepts*, 175 Misc 2d 156, 158, *affd* 251 AD2d 246), we find sufficient compliance with CPLR 3116 (a) to have had the deposition properly considered.

We further find that Supreme Court properly denied defendants' motion for summary judgment. While defendants met their initial burden to have judgment awarded as a matter of law (*see* CPLR 3212 [b]) by their proffer of the police report, the deposition of defendant, and the affirmation of Matthew Leach, a passenger in defendant's car who confirmed the sudden and unexpected appearance of plaintiff's vehicle, plaintiff's submission in response was determinative. Plaintiff proffered both her deposition transcript and that of Guynup which describes a wholly different scenario. While the police report contains a diagram of the accident which appears to indicate that plaintiff was at fault, the record reveals that the police officer who compiled the report never questioned plaintiff.

Viewing these submissions in the light most favorable to plaintiff (*see Redcross v Aetna Cas. & Sur. Co.*, 260 AD2d 908, 914), we find that Supreme Court properly concluded that factual issues preclude an award at this time (*see Brown v Schultz*, 290 AD2d 627, 628; *Tufano v Morris*, 286 AD2d 531, 533; *Persaud v Shark Patrol*, 267 AD2d 41, 42). In reaching this determination, we have considered defendants' contention that plaintiff's reckless conduct constituted an intervening, superceding cause of the accident—a determination which cannot be made at this juncture, upon this record, as a matter of law (*see Khaitov v Minevich*, 277 AD2d 805, 806; *cf. Tiberi v Barkley*, 226 AD2d 1005, 1007).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.