█ JABARI PENDA, Respondent, v MARY J. DUVALL et al., Defendants, and MICHAEL F. BARTOWSKI, Appellant. [36 NYS3d 333]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 11, 2015. The order denied the motion of defendant Michael F. Bartowski for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendant Michael F. Bartowski is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a passenger in a motor vehicle accident. Defendant Michael F. Bartowski moved for summary judgment dismissing the complaint against him, contending that the negligence of defendant Lekeisha N. Denman-Duvall was the sole proximate cause of the accident. Bartowski appeals from an order denying that motion, and we now reverse.

It is well settled that "[a] driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way . . . Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision . . . , a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision" (*Vazquez v New York City Tr. Auth.*, 94 AD3d 870, 871 [2012]; *see Walker v Patrix Trucking NY Corp.*, 115 AD3d 943, 944 [2014]). Here, we conclude that Bartowski demonstrated his prima facie entitlement to judgment as a matter of law by submitting evidence that, at the time of impact, he was lawfully proceeding in the center lane of travel when Denman-Duvall lost control of her vehicle after striking a large puddle of water, and that within seconds, Denman-Duvall's vehicle entered Bartowski's lane from the left lane and collided with his vehicle (*see Vazquez*, 94 AD3d at 871; *Rivera v Corbett*, 69 AD3d 916, 917 [2010]).

Contrary to Supreme Court's determination, we further conclude that plaintiff's submissions in opposition failed to raise a triable issue of fact (*see Walker*, 115 AD3d at 944; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]). Plaintiff's expert's affidavit is "speculative and conclusory inasmuch as the expert failed to submit the data upon which he based his opinions, and thus the affidavit had no probative value" (*Costanzo v County of Chautauqua*, 110 AD3d 1473, 1473 [2013]). Further, "[s]peculation regarding evasive action that a defendant driver should have taken to avoid a collision, especially when the driver had, at most, a few seconds to react, does not raise a triable issue of fact" (*Hubbard v County of Madison*, 93 AD3d 939, 942 [2012], *lv denied* 19 NY3d 805 [2012] [internal quotation marks omitted]; *see Fiore v Mitrowitz*, 280 AD2d 919, 920 [2001]).

The opinion of plaintiff's expert that Bartowski was driving at an imprudent speed for the road conditions also is speculative and therefore insufficient to raise an issue of fact to defeat the motion (*see Stewart v Kier*, 100 AD3d 1389, 1390 [2012]). Moreover, even if the expert's opinion as to speed was based on physical evidence, it still fails to raise an issue of fact inasmuch as it does not address whether the speed at which Bartowski was traveling was a proximate cause of the accident (*see Heltz v Barratt*, 115 AD3d 1298, 1299 [2014], *affd* 24 NY3d 1185 [2014]; *Wallace v Kuhn*, 23 AD3d 1042, 1044 [2005]).

Finally, plaintiff's assertion that the motion should be denied based on his expert's opinion that there are "many questions of

fact" is without merit because it addresses an issue of law, and "[e]xpert opinion as to a legal conclusion is impermissible" (*Colon v Rent-A-Center*, 276 AD2d 58, 61 [2000]; *see generally Singh v Kolcaj Realty Corp.*, 283 AD2d 350, 351 [2001]; *Sawh v Schoen*, 215 AD2d 291, 293-294 [1995]). Present—Smith, J.P., Carni, DeJoseph, Curran and Troutman, JJ.