Carpentieri v Kloc (2023 NY Slip Op 00772)

Carpentieri v Kloc

2023 NY Slip Op 00772

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

930 CA 21-01669

[*1]RICHARD A. CARPENTIERI, PLAINTIFF-RESPONDENT,
v
ELAINE KLOC, AS EXECUTOR OF THE ESTATE OF PAUL KLOC, DECEASED, AND KLOC BLOSSOM CHAPEL, DEFENDANTS-APPELLANTS. (ACTION NO. 1.)
SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, AS SUBROGEE OF KLOC BLOSSOM CHAPELS, INC., PLAINTIFF-APPELLANT,
RICHARD A. CARPENTIERI, DEFENDANT-RESPONDENT. (ACTION NO. 2.)
ELAINE KLOC, AS EXECUTOR OF THE ESTATE OF PAUL KLOC, DECEASED, PLAINTIFF-APPELLANT,
v
RICHARD A. CARPENTIERI, DEFENDANT-RESPONDENT. (ACTION NO. 3.) 
ELAINE KLOC, PLAINTIFF-APPELLANT,
v
RICHARD A. CARPENTIERI, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. (ACTION NO. 4.) 

LAW OFFICE OF MICHAEL D. HOLLENBECK, BUFFALO (MICHAEL D. HOLLENBECK OF COUNSEL), FOR PLAINTIFF-APPELLANT IN ACTION NO. 3.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT IN ACTION NO. 4.
LIPPMAN O'CONNOR, BUFFALO (GERARD E. O'CONNOR OF COUNSEL), FOR DEFENDANTS-APPELLANTS IN ACTION NO. 1.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (CHARLES S. DESMOND, II, OF COUNSEL), FOR PLAINTIFF-RESPONDENT AND DEFENDANT-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered November 1, 2021. The order granted the motions of Richard A. Carpentieri for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without [*2]costs.
Memorandum: These actions, which have been joined for trial and discovery on the issues of negligence, arise from an accident involving a motor vehicle operated by Richard A. Carpentieri, plaintiff in action No. 1 and a defendant in action Nos. 2 through 4, and a vehicle operated by Paul Kloc (decedent), whose estate by his executor, Elaine Kloc, is a defendant in action No. 1 and a plaintiff in action No. 3 (Estate). Decedent's vehicle was owned by Kloc Blossom Chapel (Chapel), a defendant in action No. 1, and insured by Selective Insurance Company of South Carolina, as subrogee of Kloc Blossom Chapels, Inc. (Selective), plaintiff in action No. 2. The accident occurred on a four-lane highway with a center turning lane, which ran in a northerly and southerly direction. Carpentieri was driving northbound in the passing lane when decedent's vehicle suddenly entered the road from the driveway of an apartment complex. Decedent, who was intending to turn left into the southbound lanes, pulled into the path of Carpentieri's vehicle and stopped, resulting in the collision. Carpentieri commenced action No. 1 to recover damages for the injuries he sustained in the collision. Selective commenced action No. 2 to recover payments it made under the Chapel's insurance policy relating to the damage to the vehicle operated by decedent. The Estate commenced action No. 3 asserting wrongful death and decedent's wife, Elaine Kloc, who was a passenger in decedent's vehicle at the time of the accident, commenced action No. 4 in her individual capacity to recover damages for injuries she sustained in the collision. Carpentieri moved in action No. 1 for summary judgment on the issue of liability on, inter alia, the grounds that decedent was negligent and the sole proximate cause of the collision. In action Nos. 2 through 4, Carpentieri moved for summary judgment dismissing the complaints in those actions against him on the same grounds. The Estate, Chapel, Selective, and Elaine Kloc (collectively, appellants) appeal from an order granting Carpentieri's motions, and we affirm.
We reject appellants' contention with respect to all four actions that Supreme Court erred in granting Carpentieri's motions. "It is well settled that '[a] driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way . . . Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision . . . , a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision' " (Penda v Duvall, 141 AD3d 1156, 1157 [4th Dept 2016]; see e.g. Vazquez v New York City Tr. Auth., 94 AD3d 870, 871 [2d Dept 2012]). Here, Carpentieri met his initial burden on the motions by submitting evidence that, at the time of impact, he was driving northbound in the passing lane with the right-of-way when decedent's vehicle suddenly entered Carpentieri's lane. According to the opinion of Carpentieri's expert, Carpentieri had only two seconds to perceive, and react to, decedent's lane incursion. The expert opined that Carpentieri was unable to avoid the collision. Carpentieri also submitted the testimony of an officer who investigated the accident and was an accident reconstructionist. The officer concluded that there was no evidence that Carpentieri was at fault for the collision. While Carpentieri also submitted evidence that he was driving while intoxicated at the time of the collision and such intoxication may constitute negligence per se, Carpentieri's expert and the officer each opined that Carpentieri's intoxication in no way contributed to the collision and that decedent's action was the sole proximate cause of the collision (see Wallace v Terrell, 295 AD2d 840, 841-842 [3d Dept 2002]; Tiberi v Barkley, 226 AD2d 1005, 1007 [3d Dept 1996]; see generally Pagels v Mullen, 167 AD3d 185, 186 [4th Dept 2018]; Limardi v McLeod, 100 AD3d 1375, 1375 [4th Dept 2012]).
In opposition, appellants failed to raise a triable issue of fact whether Carpentieri's alleged negligence was a proximate cause of the accident (see Penda, 141 AD3d at 1157). The opinion of appellants' expert that Carpentieri was driving at an excessive speed, i.e., 57 miles per hour in a speed zone of 45 miles per hour, and that had Carpentieri been driving at the speed limit, he would have had sufficient time to react when decedent's vehicle entered his lane is speculative and failed to refute the evidence that Carpentieri had, at most, two seconds to react to decedent's vehicle (see id.; see also Marx v Kessler, 145 AD3d 1618, 1619 [4th Dept 2016]; Stewart v Kier, 100 AD3d 1389, 1390 [4th Dept 2012]). The further opinion of appellants' expert that Carpentieri's intoxication or impairment slowed his reaction decision-making process was also speculative as to how it related to the collision and therefore was insufficient to raise an issue of fact sufficient to defeat the motions (see Wallace, 295 AD2d at 841-842; Tiberi, 226 AD2d at 1007; see generally Wittman v Nice, 144 AD3d 1675, 1676-1677 [4th Dept 2016]).
In light of our determination, we need not consider appellants' remaining contentions.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court