■ TERRENCE M. CASSIDY et al., Individually and as Parents and Natural Guardians of DANIEL T. CASSIDY, an Infant, Respondents, v ANTHONY C. VALENTI, Appellant. [621 NYS2d 405] —White, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 21, 1994 in Albany County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiffs commenced this negligence action seeking damages and derivative losses following an automobile accident in which their son, then age two, sustained serious personal injuries. Following completion of discovery, plaintiffs moved for partial summary judgment on the issue of liability and defendant cross-moved for leave to serve an amended answer asserting a counterclaim against plaintiff Terrence M. Cassidy (hereinafter Cassidy) for contribution. Supreme Court granted plaintiffs' motion and denied the cross motion. Defendant appeals.

Generally, summary judgment is not appropriate in negligence cases because, even if the facts are undisputed, there is

often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances (see, McCummings v New York City Tr. Auth., 81 NY2d 923, 926, cert denied — US —, 114 S Ct 548). Plaintiffs urge us not to apply this general rule here in light of the facts they adduced in support of their motion.

Plaintiffs' proof shows that Cassidy had stopped his car behind another at the red light controlling the exit from the Colvin Shopping Plaza onto Central Avenue in the City of Albany. When the light turned green, Cassidy followed the car ahead of him across the westbound lanes of Central Avenue intending to make a left-hand turn to proceed eastbound on Central Avenue. As he passed in front of a car stopped for the light in one of the westbound lanes of Central Avenue, he saw and was immediately struck by defendant's vehicle that was proceeding west on Central Avenue and had failed to stop for the red light.

Although he does not challenge the statement of an independent eyewitness that he ran the red light, defendant maintains that Supreme Court erred in granting summary judgment. His position is premised on the rule that a driver with a green light who observes, or in the exercise of ordinary prudence should have observed, another vehicle in the intersection or so near as to render it likely that a collision would occur must take such action to avoid a collision as an ordinarily prudent person would have done under the circumstances (see, e.g., Walker v Dartmouth Plan Leasing Corp., 180 AD2d 952).

To support his position defendant relies upon the pretrial testimony of Cassidy from which he contends it can be inferred that Cassidy failed to observe defendant's vehicle and that this inattentiveness contributed to the cause of the accident. We disagree that such an inference can be drawn, considering the fact that Cassidy followed another car onto Central Avenue and looked east and west before doing so (compare, supra, at 954). Moreover, it is undisputed that defendant struck the left rear door of Cassidy's vehicle, thereby indicating that defendant was not in or near the intersection when Cassidy entered it. In any event, as Supreme Court noted, there is no evidence that Cassidy could have avoided the accident, nor is there any evidence indicating any deviation from his responsibility to use reasonable care. Accordingly, since defendant's opposition to plaintiffs' motion is entirely conjectural and there is no genuine issue to be resolved, summary judgment was warranted in this case

*(see, Andre v Pomeroy,* 35 NY2d 361; *Parisi Enters. Inc. Profit Sharing Trust v Settimo,* 198 AD2d 272).

This disposition renders defendant's appeal from the denial of his cross motion academic.

Mercure, J. P., Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.