■ STELLA DELASOUDAS, Individually and as Parent and Natural Guardian of ODYSSEAS DELASOUDAS, an Infant, Appellant, v ALEXIA T. KOUDELLOU, Respondent. [654 NYS2d 659] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Satterfield, J.), dated January 18, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered February 29, 1996, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This action stems from a multi-vehicle accident at or near the intersection of 28th Avenue and 44th Street in Astoria, Queens. The defendant, traveling north on 44th Street, brought her vehicle to a stop when she reached the intersection and the light turned red. After the light turned green, she looked quickly to her left and right and proceeded through the intersection. A vehicle owned and operated by one Percy Ramos, traveling east on 28th Avenue at a speed of approximately 60 miles per hour, passed through the red light controlling travel in his direction and struck the defendant's vehicle. Ramos continued through the intersection and hit several other unoccupied vehicles parked along 28th Avenue, causing the infant plaintiff to be pinned between two vehicles and to sustain serious personal injuries.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendant's motion for summary judgment. There was no evidence indicating that the defendant could have avoided the accident, that the Ramos vehicle was in or near the intersection when the defendant entered it, or that the defendant otherwise failed to use reasonable care (*see, Cassidy v Valenti,* 211 AD2d 876, 877). The plaintiff's opposition was entirely speculative, and thus insufficient to defeat the defendant's motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Cassidy v Valenti, supra; Morowitz v Naughton,* 150 AD2d 536, 537; *cf., Walker v Dartmouth Plan Leasing Corp.,* 180 AD2d 952, 953-954). Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.