■ STACEY DiGIORGIO, Individually and as Administrator of the Estate of VINCENT DiGIORGIO, Deceased, et al., Respondents, v SIL SERV CORP. et al., Defendants, and RICHARD D. ROBBINS, Appellant. [665 NYS2d 288] —In an action to recover damages for personal injuries and wrongful death, the defendant Richard D. Robbins appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated October 29, 1996, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On April 3, 1995, at about 7:00 A.M., the appellant Richard D. Robbins was driving his jeep north on Avenue of the Americas in New York City. As he approached 40th Street, he

observed a dark car, later proved to be a Pontiac Grand Am operated by the defendant Lisa Capobianco, as it collided with a yellow cab, operated by the defendant Abner Lominy. Two nonparty witnesses, moments prior to the accident, also saw the yellow cab, which had been proceeding east on 40th Street. One of these witnesses described the force of the collision as sufficient to lift the cab off the ground. The other recalled seeing the cab spinning completely around, and stated that "[w]hile it was spinning * * * a man [was] thrown out of the cab onto the street". Neither witness saw the appellant's jeep hit the cab.

The present action to recover damages for personal injuries and wrongful death was brought by the estate of the passenger ejected from the cab after its collision with the Grand Am. The complaint also named the appellant as a defendant, on the theory that his negligence contributed to the decedent's injuries and subsequent death. The appellant moved for summary judgment dismissing the complaint insofar as asserted against him, based on his own affidavit and those of the two nonparty witnesses. He also submitted evidence tending to show that Ms. Capobianco initially recalled that only two vehicles were involved in the accident, and that Mr. Lominy similarly recalled only one impact. The Supreme Court denied his motion. We reverse.

In resisting the appellant's motion for summary judgment, the plaintiff focuses on evidence indicating that at some time after the violent collision between the cab and the Grand Am, the appellant's vehicle also came in contact with either one or both of those vehicles. We find that whatever relatively slight contact the appellant's jeep may have had with either of those vehicles, the involvement of his jeep in the accident was the result of an emergency situation not of his making, and any error in judgment on his part does not constitute negligence (*see, Williams v Econ,* 221 AD2d 429; *Wright v Morozinis,* 220 AD2d 496; *see also, Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923, 924; *Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *Caban v Vega,* 226 AD2d 109, 111). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.