■ JANET MERRITT, Respondent, v ANTHONY PYNE et al., Respondents, and ANNE MANDERSON, Appellant. [669 NYS2d 917] —In an action to recover damages for personal injuries, the defendant Anna Manderson, sued herein as Anne Manderson, appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated July 3, 1997, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On July 10, 1992, the appellant, Anna Manderson, was driving on East Dean Street in Freeport. The intersection of East Dean Street and North Columbus Avenue is controlled by a stop sign in all four directions. After stopping at the stop sign controlling traffic in her direction at that intersection, the appellant entered the intersection. While in the intersection, "the tail end" of the driver's side of her vehicle was struck by a van owned by the defendant Sandra C. Dixon and operated by the defendant Anthony Pyne, who was driving on North Columbus Avenue. Pyne was driving at a speed of approximately 60 miles per hour and failed to stop at the stop sign controlling traffic in his direction. The plaintiff, a passenger in the van driven by Pyne, brought the instant action against Pyne, Dixon, and the appellant to recover damages for the injuries she allegedly sustained.

The Supreme Court improperly denied the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. "There was no evidence indicating that [the appellant] could have avoided the accident, that the [van driven by Pyne] was in or near the intersection when [the appellant] entered it, or that [the appellant] otherwise failed to use reasonable care" (*Delasoudas v Koudellou,* 236 AD2d 581; *see, Cassidy v Valenti,* 211 AD2d 876). The opposition to the appellant's motion was based entirely on speculation, which was insufficient to defeat it (*see, Delasoudas v Koudellou, supra; Cassidy v Valenti, supra*). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.