■ AIXA MIRANDA, Individually and as Administrator of the Estate of CHRISTINE DUSSAN, Deceased, Appellant, v KATHLEEN A. DEVLIN et al., Respondents. [688 NYS2d 578] —In an action to recover damages for negligence and wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated February 5, 1998, which granted the defendants' respective cross motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiff's contentions, the Supreme Court

providently exercised its discretion in considering the cross motion of the defendants Kathleen A. Devlin and Dennis Devlin for summary judgment. This cross motion was made approximately five days after the expiration of the applicable 120-day period as provided by CPLR 3212 (a). Nevertheless, in light of the minimal delay, the absence of prejudice, and the fact that the defendant Denise A. Harnett had already served a nearly identical, but timely and as of yet undecided cross motion for summary judgment, good cause warranted the consideration of the Devlin defendants' cross motion (*see, Acosta v 888 7th Ave. Assocs.,* 248 AD2d 284; *cf., Olzaski v Locust Val. Cent. School Dist.,* 256 AD2d 320).

On the merits, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint. The overwhelming and uncontradicted evidence before the court demonstrated, as a matter of law, that the sole cause of the accident that claimed the life of the plaintiff's decedent was the decedent's failure to heed the stop sign at the intersection where the accident occurred (*see, Bolta v Lohan,* 242 AD2d 356; *Delasoudas v Koudellou,* 236 AD2d 581; *Salenius v Lisbon,* 217 AD2d 692; *Cassidy v Valenti,* 211 AD2d 876; *Hill v Luna,* 195 AD2d 1000). The plaintiff's conclusory and speculative assertions to the contrary are unsupported by any evidence and are thus insufficient to overcome the defendants' prima facie showing of entitlement to judgment as a matter of law (*see, Bolta v Lohan, supra; Wilke v Price,* 221 AD2d 846; *Cassidy v Valenti, supra; Hill v Luna, supra*).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.