■ Ron Lazar, Respondent, v Fea Leasing, Inc., et al., Appellants, et al., Defendant. [695 NYS2d 592] —In an action to recover damages for personal injuries, the defendants Fea Leasing, Inc., and Patrick McCoy appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), entered July 18, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

This action arises from two successive automobile collisions at the intersection of 65th Street and 17th Avenue in Brooklyn. A vehicle operated by the defendant Charles L. Kohler, travel-

ling south on 17th Avenue, first collided with a vehicle operated by the plaintiff, travelling west on 65th Street, and then collided with the appellants' vehicle, which was also traveling west on 65th Street. The plaintiff testified that at no time did the appellants' vehicle come into contact with his own. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them.

" 'While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party' " (*Williams v Econ,* 221 AD2d 429, 430; *deVoil v Wallace,* 221 AD2d 411; *Morowitz v Naughton,* 150 AD2d 536, 537; *Viegas v Esposito,* 135 AD2d 708). The evidence established that the appellants' vehicle did not cause the accident between the plaintiff and Koehler, nor did it come into contact with the plaintiff's vehicle. Accordingly, the appellants' motion for summary judgment dismissing the plaintiff's complaint insofar as asserted against them must be granted (*see, DiGiorgio v Sil Serv Corp.,* 243 AD2d 535; *Delasoudas v Koudellou,* 236 AD2d 581; *Wright v Morozinis,* 220 AD2d 496). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.