■ KARYN KEELEY, Respondent, v BERLEY REALTY CORP. et al., Respondents, and ABCO MAINTENANCE, INC., et al., Appellants. (And a Third-Party Action.) [707 NYS2d 68] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about April 28, 1999, which, in an action for

personal injuries sustained in a trip and fall caused by a pothole in a parking lot owned and managed by nonappealing defendants, insofar as appealed from, granted defendant owner's motion for summary judgment on its cross claim against defendant-appellant maintenance contractor Abco Maintenance for breach of contract to procure insurance, and denied defendant-appellant maintenance contractors Abco Maintenance and Virga Construction's cross motions for summary judgment dismissing the complaint and any cross claims as against them, unanimously modified, on the law, to grant Virga's cross motion for summary judgment dismissing the complaint and any cross claims as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Virga Construction Corp. dismissing the complaint and any cross claims as against it.

Defendant owner's motion for summary judgment as against Abco was properly granted based on the provision in their contract requiring Abco to procure liability insurance naming the owner as an additional insured. Abco's failure to show that it purchased such insurance renders it responsible for all of the owner's resulting damages, including liability to plaintiff, and such a determination need not await a factual determination as to whose negligence, if anyone's, caused plaintiff's injuries (*see, McGill v Polytechnic Univ.*, 235 AD2d 400, 401-402; *Encarnacion v Manhattan Powell*, 258 AD2d 339, 340; *compare, Wallen v Polo Grounds Bar & Grill*, 198 AD2d 19, 20 ["where the landlord is aware that the tenant has failed to procure insurance, in violation of the lease, and the landlord procures its own insurance, damages are limited to the cost of such insurance"]).

Virga's cross motion for summary judgment, which was made four days before the return date of the owner's main motion and only one day after the 120-day deadline for making a post-note-of-issue motion for summary judgment, should have been entertained (*see, Miranda v Devlin*, 260 AD2d 451) and granted. Virga's submissions established that defendant management company contracted with Abco to provide maintenance; that Abco submitted weekly reports on the condition of the premises including any potholes that had been found; that Virga was an independent contractor who paved potholes in the parking lot from time to time, when requested by the management company, and would invoice the management company for any work it did; that Virga filled potholes and repaved another section of the parking lot some six months before plaintiff's accident, which work was the last it did in the

parking lot before the accident; and that the management company, which denies knowledge of the pothole in question, never asked Virga to repair it. Absent evidence of a contractual duty to identify or repair potholes without a request from the management company, Virga cannot be held responsible for a pothole it had never been asked to repair.

Abco's cross motion for summary judgment, made well after the 120-day period for making a post-note-of-issue motion for summary judgment under CPLR 3212 (a), as well as the time for making a cross motion under CPLR 2215, was properly denied absent any showing of good cause for the lateness. Concur—Williams, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.