■ CEASAR ROSA, Respondent, v R.H. MACY Co. INC. et al., Defendants, and U.S.A. CONTRACTING CORP. et al., Appellants. U.S.A. CONTRACTING CORP., Third-Party Plaintiff-Appellant-Respondent, et al., Third-Party Defendants. [707 NYS2d 407] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 28, 1999, which, in an action by a laborer to recover for personal injuries sustained when a piece of metal from above struck him in the head, *inter alia*, granted plaintiff's cross motion for summary judgment on the issue of liability under Labor Law § 240 (1) as against defendants owner (Macy's) and general contractor (Artkraft), and denied as untimely cross motions for summary judgment on the issue of indemnification by Artkraft, by defendant subcontractor of Artkraft (U.S.A.), and by third-party defendant subcontractor of U.S.A. and plaintiff's alleged employer (Avanti), unanimously affirmed, without costs.

The hard hat that plaintiff was wearing did not, as a matter of law, give "proper protection" within the meaning of Labor Law § 240 (1), which speaks in terms of "devices" that can be "constructed, placed and operated." Since no such devices were given to plaintiff, and since the falling of a heavy object from a height of 25 to 30 feet "is precisely the sort of extraordinary elevation-related risk that Labor Law § 240 (1) was intended to address," Macy's and Artkraft are liable under that section (*Beauchesne v City of New York*, 261 AD2d 145). It does not avail Macy's and Artkraft that the accident may have been caused by the negligence of a co-worker any more than it would avail them had the action been caused by the negligence of plaintiff himself (*see, Bland v Manocherian*, 66 NY2d 452, 459, 461). Although Artkraft's and U.S.A.'s untimely cross motions for summary judgment on the issue of indemnification should have been considered along with the timely and still pending main motion on the same issue made by third-party defendant Country Carting, also alleged to be plaintiff's employer, and the still pending cross motion on the issue of liability under section 240 (1) made by plaintiff (*see, Miranda v Devlin*, 260 AD2d 451), we affirm the denial of the cross motions on the merits. The contracts included in the record do not contain any indemnification provisions in favor of Artkraft and U.S.A., and issues of fact exist as to the degree of their involvement in the work plaintiff was performing. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.