■ RALPH LEGRAND, JR., an Infant, by His Mother and Natural Guardian, CATHERINE TIMPA, et al., Respondents, v PRIMUS AUTOMOTIVE FINANCIAL SERVICES, INC., et al., Appellants, and ALLEN J. RADZIAVICK et al., Respondents. [707 NYS2d 672] —In an action to recover damages for personal injuries, etc., the defendants Richard A. Ashley, Paul B. Diamond, Primus Automotive Financial Services, Inc., and Mazda American Credit appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated February 2, 1999, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

This action arises from two successive automobile collisions on the westbound service road of the Long Island Expressway near Queens Boulevard on October 26, 1996. At that time, the vehicle operated by the defendant Allen J. Radziavick was traveling on a section of pavement next to the farthest right lane of the service road. That section of pavement was marked with diagonal white lines and was concededly off-limits to traffic. His car first collided with the rear end of the automobile operated by the defendant Richard A. Ashley. Ashley's automobile was properly traveling along an entrance ramp that joined but did not merge with the westbound service road. This entrance ramp began at the end of the aforementioned section of marked pavement.

After hitting Ashley's vehicle Radziavick's vehicle then collided with the vehicle operated by the defendant Patrick Baker in which the plaintiffs were riding. That vehicle was properly traveling in the only available through lane of the westbound service road. Baker testified that Ashley's automobile did not come into contact with his own.

Ashley's automobile was owned by the defendant Paul B. Diamond and leased from the defendants Primus Automotive Financial Services, Inc., and Mazda American Credit (collectively referred to with Ashley as the appellants). The appel-

lants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them was denied, and this appeal followed.

" ' "While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" ' " (*Lazar v Fea Leasing,* 264 AD2d 818, 819; *Morowitz v Naughton,* 150 AD2d 536; *Viegas v Esposito,* 135 AD2d 708).

Viewed in the light most favorable to the respondents, the evidence shows that Ashley was not negligent as a matter of law. There is no evidence that Ashley either observed or should have observed Radziavick's vehicle prior to entering the entrance ramp. Furthermore, Ashley was entitled to anticipate that Radziavick would obey traffic laws and not travel on the marked pavement (*see, Cenovski v Lee,* 266 AD2d 424). Thus, the evidence established that Ashley was not negligent and that the appellants' vehicle did not cause the accident between the plaintiffs' vehicle and Radziavick's vehicle. Accordingly, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted (*see, Lazar v Fea Leasing, supra*). Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.