OPINION OF THE COURT
Richard A. Goldberg, J.
Ricky Rosich (Rosich), as codefendant in actions No. 1 and No. 2 of these three actions set for a joint trial, moves for summary judgment to dismiss the complaints and cross claims against him in this personal injury and property damage litigation. These actions stem from an automobile accident on October 13, 1996 at about 3:45 a.m. on Hempstead Turnpike and Plainfield Avenue in Elmont, New York. Each plaintiff alleges that Melvin Logan (Logan) operated the vehicle rented by Renee Siler (Siler) from Enterprise Rent-A-Car Company, Enterprise Rental and Enterprise Leasing Company, Inc. (Elrac) with Elrac’s consent at the time of the accident which occurred as Logan, traveling eastbound on Hempstead Turnpike, turned left and Rosich’s vehicle carrying passengers Steven Demeri (Demeri) in the front seat and Gary Siegel (Siegel) in the rear seat entered the intersection. By decision and order dated May 24, 2000 the court, inter alia, granted Rosich’s motion as plaintiff in action No. 3 for default judgment against Logan and denied Elrac’s and Siler’s motions for summary judgment to dismiss the complaints against each of them after determining that an issue of fact exists whether the strong statutory presumption of permissive use has been rebutted. Here, £oo, an issue of fact exists regarding Rosich’s possible contributory negligence which negates this summary judgment motion.
Timeliness of the Motion
Initially, however, Elrac, Demeri, and Siegel contend that defendant Rosich untimely seeks summary judgment. They argue that CPLR 3212 (a) nullifies such motion unless made within 120 days after filing of the note of issue, which plaintiffs Siegel and Rosich* filed in December 1999, more than seven months before this summary judgment motion. Rule 13 of the Kings County Supreme Court Uniform Civil Term Rules, which *483 actually governs herein, further restricts the time frame for a summary judgment motion by providing that: “No motion for summary judgment may be made more than 60 days after filing a Note of Issue, except with leave of the Court on good cause shown.” CPLR 3212 (a) authorizes curtailing the time period and the court’s local rule expresses the court’s discretion consistent with the statute (see, Rossi v Arnot Ogden Med. Ctr., 252 AD2d 778, 779 [3d Dept 1998]).
However, Demeri filed the final note of issue on June 15, 2000 which makes codefendant Rosich’s summary judgment motion in the Demeri action, mailed August 14, 2000, timely under the 60-day limitation (see, Russo v Eveco Dev. Corp., 256 AD2d 566 [2d Dept 1998]). In addition, the timeliness of the motion in Demeri’s action serves to make the motion timely in the Siegel action. The Court of Appeals recently noted a trial court’s discretion under the statute “in determining whether to consider a motion for summary judgment made more than 120 days after the filing of a note of issue.” (Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129 [2000].) Hence, a timely summary judgment motion and cross motion permit consideration of an untimely cross motion (see, Rosa v Macy Co., 272 AD2d 87 [1st Dept 2000]); a timely summary judgment motion permitted consideration of an untimely cross motion (see, Keeley v Berley Realty Corp., 271 AD2d 299 [1st Dept 2000]); and a timely summary judgment cross motion has permitted consideration of a nearly identical, but untimely, cross motion (see, Miranda v Devlin, 260 AD2d 451, 452 [2d Dept 1999]). These cases thus differ with two earlier First Department cases which denied untimely summary judgment cross motions, Roberts v Conti Cleaners (261 AD2d 294 [1st Dept 1999]) and Rosario v Kenyon & Son (258 AD2d 265 [1st Dept 1999]).
Here, a fortiori, the timely summary judgment motion in one action permits consideration of the exact same, but untimely, motion in another companion action set for a joint trial. Allowing consideration of the motion regarding both actions, timely in one case and untimely in the other, more appropriately fulfills the joint trial rationale that “The interests of justice and judicial economy are better served by a joint trial in those cases where, as here, the actions share material questions of law or fact” (J & A Vending v J.A.M. Vending, 268 AD2d 505, 506 [2d Dept 2000]). Such common questions of law and fact in these joined actions warrant entertaining the summary judgment motion in both actions. Accordingly, the court grants co-defendant Rosich leave to make this belated summary judg *484 ment motion in the Siegel action, given the circumstances outlined above, notwithstanding the absence of a request for leave to make such motion regarding the Siegel action before the 120-day time limit expired regarding the Siegel action (see, Rossi v Arnot Ogden Med. Ctr., supra, at 779).
Codefendant Rosich’s Summary Judgment Motion
Elrac, Demeri, and Siegel together with Siler separately oppose the present summary judgment motion on grounds that factual issues exist regarding codefendant Rosich’s possible contributory negligence. Indeed, a purported eyewitness claims in a sworn statement, acquired after submission of the motion, that “Mr. Logan signaled his intent to turn and proceeded into the intersection” and that the car driven by codefendant Rosich “accelerated and struck the Black Buick [i.e., the car driven by codefendant Logan] in the intersection * * * [E]ven though there was enough room for the westbound vehicle [i.e., the car driven by codefendant Rosich] to avoid impact it maintained its course directly into the Black Buick.” Such sworn statement constitutes “evidentiary proof in admissible form sufficient to require a trial of material questions of fact.” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) Those issues include whether codefendant Rosich was negligent in failing to see Logan’s vehicle turning in front of him before the accident, failing to use appropriate caution in the operation of his vehicle as the other vehicle turned left and the allocation of fault, if any, on the part of each driver (see, Young v Mauch, 268 AD2d 583 [2d Dept 2000]).
Ordered that codefendant Rosich’s motion for summary judgment to dismiss the complaints and cross claims against him in actions No. 1 and No. 2 is denied.

 Rosich appears by separate counsel as plaintiff in action No. 3 and codefendant in action No. 1.