■ FLOR A. SOTO, Respondent, v MICHAEL'S NEW YORK, INC., et al., Appellants, et al., Defendant. [723 NYS2d 454] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 8, 2000, which denied defendant Michael's New York, Inc.'s motion and defendant 17 and 24 Corporation's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion and cross motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The record establishes that it was defendant landlord 17 and 24 Corporation's duty to maintain the stairwell in the service entrance, and that all the building tenants had access to that entrance for deliveries and other services. Defendant Michael's, a tenant, had no duty to maintain the stairwell and therefore cannot be held liable for plaintiff's injuries resulting from his fall on the stairs (see, Balsam v Delma Eng'g Corp., 139 AD2d 292, 296, lv dismissed and denied 73 NY2d 783). Since the record is devoid of evidence that the landlord either created or had actual notice of the condition of which plaintiff complains, defendant 17 and 24 Corporation can be held liable only if it had constructive notice (see, Piacquadio v Recine Realty Corp., 84 NY2d 967), i.e., only if the defect was visible and apparent and existed for long enough before the accident occurred to permit the landlord's employees to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 836). While plaintiff testified that before starting down the stairs he noticed they were "half wet and they look[ed] kind of dirty, as if other deliveries had been brought down that way," neither this statement nor any other evidence in the record indicates how long the stairs may have been in the condition he described. The resident manager testified that the stairs were heavily traveled during the day with deliveries to the building. Thus, the wetness that allegedly caused plaintiff's accident could have been left on the stairs "only minutes or seconds before the accident and any other conclusion would be pure speculation" (Gordon, supra, at 838).

In view of the merits of its position and the absence of prejudice to plaintiff, who had not yet responded to defendant Michael's very similar and timely motion, good cause war-

ranted the consideration of defendant 17 and 24 Corporation's cross motion (*see*, *Miranda v Devlin*, 260 AD2d 451). Concur— Tom, J. P., Ellerin, Wallach, Lerner and Buckley, JJ.