■ RALPH LEGRAND, JR., an Infant, by His Mother and Natural Guardian, CATHERINE TIMPA, et al., Appellants, v PRIMUS AUTOMOTIVE FINANCIAL SERVICES, INC., et al., Respondents, et al., Defendants. [725 NYS2d 565] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated August 7, 2000, as granted the motion of the defendant Allen Radziavick for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain serious injuries within the meaning of Insurance Law § 5102 (d), and granted those branches of the separate motion of the defendants Primus Automotive Financial Services, Inc., Mazda American Credit Corporation, Richard A. Ashley, and Paul B.

Diamond which were for summary judgment dismissing the complaint insofar as asserted against them on the same ground.

Ordered that the appeal from so much of the order as granted those branches of the separate motions of the defendants Primus Automotive Financial Services, Inc., Mazda American Credit Corporation, Richard A. Ashley, and Paul B. Diamond, which were for summary judgment dismissing the complaint insofar as asserted against them is dismissed as academic in light of the decision and order of this Court dated May 15, 2000 (*see, LeGrand v Primus Automotive Fin. Servs.*, 272 AD2d 450); and it is further,

Ordered that the order is modified by deleting the provision thereof granting those branches of the motion of the defendant Allen Radziavick which were for summary judgment dismissing the complaint insofar as asserted against him by the plaintiffs Catherine Timpa and Lori Ann Perales, and substituting therefore a provision denying those branches of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly granted that branch of the motion of the defendant Allen Radziavick which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Ralph LeGrand, as Radziavick submitted admissible evidence demonstrating his entitlement to judgment as a matter of law, and the plaintiffs failed to come forward with competent evidence to raise an issue of fact with respect to LeGrand (*see,* CPLR 2106; *Peschanker v Loporto,* 252 AD2d 485; *Parisi v Levine,* 246 AD2d 583; *Moore v Tappen,* 242 AD2d 526).

However, the Supreme Court erred in granting that branch of Radziavick's motion which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Lori Ann Perales. Radziavick failed to establish that Perales did not sustain a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Polizzi v Won Jun Choi,* 264 AD2d 830).

The Supreme Court also erred in granting that branch of Radziavick's motion which was for summary judgment dismissing the complaint insofar as asserted against him by the plaintiff Catherine Timpa. Although Radziavick initially

submitted admissible evidence demonstrating his entitlement to judgment as a matter of law as to Timpa, the plaintiffs demonstrated that there was an issue of fact as to whether Timpa sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, McMonagle v Independent Coach Corp.,* 276 AD2d 678; *Grossman v Wright,* 268 AD2d 79). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.