■ YEKATERINA MATUSOVSKAYA, Respondent, v JOSEPH VALCOURT, Respondent, and SARAH WOODSON, Appellant. [774 NYS2d 424]—

In an action, inter alia, to recover damages for personal injuries, the defendant Sarah Woodson appeals from an order of the Supreme Court, Queens County (Hart, J.), dated May 8, 2003, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where the unrefuted facts clearly point to the negligence of one or more of the other parties without any fault or culpable conduct on the part of the moving party, in this case, the appellant (*see LeGrand v Primus Automotive Fin. Servs.,* 272 AD2d 450 [2000]; *Lazar v Fea Leasing,* 264 AD2d 818, 819 [1999]; *Ruotolo v Ambu-Wagon, Inc.,* 206 AD2d 416 [1994]; *Morowitz v Naughton,* 150 AD2d 536 [1989]). It is undisputed that the plaintiff's vehicle was involved in an initial impact with the vehicle of the defendant Joseph Valcourt and that the Valcourt vehicle thereafter collided with the appellant's vehicle. The appellant established as a matter of law that her vehicle did not come into contact with the plaintiff's vehicle, that she was not negligent, and that her vehicle did not cause the accident between the plaintiff's vehicle and Valcourt's vehicle. Accordingly, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted

against her should have been granted (*see LeGrand v Primus Automotive Fin. Servs., supra; Lazar v Fea Leasing, supra*). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.