■ BECIR PALJEVIC, Respondent, v 998 FIFTH AVENUE CORP. et al., Appellants, and LICO CONSTRUCTION Co., Respondent, et al., Defendant. [885 NYS2d 65]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered November 21, 2008, which, inter alia, granted the motion of defendant LICO Construction Co. for summary judgment dismissing the complaint and all cross claims as against it, denied defendant Mark Hampton, Inc.'s motion for summary judgment dismissing plaintiff's claims under Labor Law §§ 200 and 240 (1) and common-law negligence, and partially denied the cross motion of defendants Stanton and 998 Fifth Avenue Corp. (998) for summary judgment, unanimously modified, on the law, to deny LICO's motion for summary judgment, and the complaint, with the exception of the Labor Law § 241 (6) cause of action, and cross claims asserted against LICO reinstated and otherwise affirmed, without costs.

LICO was the contractor of the subject renovation of a 17-room apartment. LICO's written contract required it to provide full-time site supervision and maintain protection throughout the project. Although extensive, the work encompassed by LICO's contract excluded painting. Plaintiff, a painter employed by nonparty Pat Cutaneo, Inc., was injured in a fall from an A-frame ladder while he was painting the kitchen. Cutaneo had been engaged pursuant to a subcontract with Hampton. Plaintiff testified that on the day of the accident he had been working in the living room when directed by LICO to work in the kitchen. In fact, LICO's foreman testified that it was his company that coordinated the various trades at the project. In granting LICO's motion, Supreme Court concluded that LICO bore no liability as a contractor under Labor Law § 240 (1) because it did not supervise or control plaintiff's work. The court based its conclusion on the exclusion of painting from the work required under LICO's contract. However, paragraph 10.1.1 of LICO's contract requires it to maintain and supervise all safety precautions and programs in connection with its performance of the contract. Moreover, paragraph 10.2.1 requires LICO to provide reasonable protection to prevent injury to "employees on the Work *and other persons who may be affected thereby*" (emphasis added). Accordingly, LICO contractually assumed responsibility for plaintiff's workplace safety despite the fact that his task of painting was excluded from LICO's contract. Whether LICO is labeled a general or prime contractor is not necessarily determinative. Triable issues of fact as to LICO's statutory liability are raised by the absence of a general contractor, LICO's

contractual assumption of responsibility for site safety and its coordination of the trades at the project (*cf. Bagshaw v Network Serv. Mgt.*, 4 AD3d 831, 833 [2004]).

The court properly determined that there were triable issues of fact as to whether Hampton was potentially liable to plaintiff under Labor Law §§ 200 and 240 (1) and common-law negligence as the owners' agent in light of its agreement to supervise the project and to oversee the painting and decorating activity (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *see also Gonzalez v Glenwood Mason Supply Co., Inc.*, 41 AD3d 338, 339 [2007]). Since such liability would also extend to the cross claims of 998 and Stanton for common-law indemnification (*see e.g. Kennelty v Darlind Constr.*, 260 AD2d 443, 445-446 [1999]), the court properly determined that the disposition of those claims must await a jury's determination.

Furthermore, the court properly declined to consider those portions of 998 and Stanton's untimely cross motion which did not relate to the foregoing motions (*cf. Rosa v Macy Co.*, 272 AD2d 87 [2000]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ. [*See* 2008 NY Slip Op 33132(U).]