■ Marcos Castellon et al., Respondents, v John Reinsberg et al., Defendants, and SMI Construction Management, Inc., Defendant/Third-Party Plaintiff-Appellant-Respondent. Rose Demolition & Carting, Inc., Third-Party Defendant-Respondent-Appellant. (And a Second Third-Party Action.) [920 NYS2d 62]—

Even though SMI's notice of appeal was limited to the granting of plaintiffs' motion for partial summary judgment, we may review unappealed portions of the order that are "inextricably intertwined" with the appealed-from portion (*see Foley v Roche,* 68 AD2d 558, 564 [1979]).

"[A] construction manager is generally not considered a 'contractor' or 'owner' within the meaning of section 240 (1) or section 241 of the Labor Law" (*Lodato v Greyhawk N. Am., LLC,* 39 AD3d 491, 493 [2007]). However, "a construction manager . . . may be vicariously liable as an agent of the property owner . . . where the manager had the ability to control the activity which brought about the injury" (*Walls v Turner Constr. Co.,* 4 NY3d 861, 863-864 [2005]). There are issues of fact as to whether SMI had sufficient control to render it a statutory agent for purposes of Labor Law § 240 (1) and § 241 (*see e.g. Paljevic v 998 Fifth Ave. Corp.,* 65 AD3d 896, 897-898 [2009]; *Nienajadlo v Infomart N.Y., LLC,* 19 AD3d 384, 385 [2005]). Therefore, the court should have denied plaintiffs' motion for summary judgment under Labor Law § 240 (1); however, it properly denied SMI's motion to dismiss the Labor Law § 240 (1) and § 241 claims.

To the extent that the injured plaintiff's Labor Law § 200 and common-law negligence claims are based on the method of work (e.g., the use of a ladder instead of a scaffold with railings, or the absence of a safety harness), it is undisputed that SMI did not tell him how to do his work; therefore, those claims should have been dismissed (*see e.g. Hughes v Tishman Constr. Corp.,* 40 AD3d 305, 306-307 [2007]). Moreover, the injured plaintiff's fall from a ladder that had been placed near an unguarded window opening was unrelated to a dangerous condition on the premises for purposes of Labor Law § 200 and common-law negligence. Instead, the accident stemmed from the manner in which the work was performed (*see e.g. Monterroza v State Univ. Constr. Fund,* 56 AD3d 629, 630 [2008]).

There is no triable issue of fact as to whether the December

9, 2004 indemnification agreement signed by third-party defendant Rose Demolition & Carting, Inc. was made "as of" a date preceding plaintiff's November 8, 2004 accident. Therefore, the motion court properly dismissed SMI's third-party claim in its 2009 order (*see e.g. Temmel v 1515 Broadway Assoc., L.P.*, 18 AD3d 364, 365-366 [2005]; *Burke v Fisher Sixth Ave. Co.*, 287 AD2d 410 [2001]), and erred by vacating the dismissal in its 2010 order. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Richter, JJ.