■ JOEY KEMP, an Infant, by ROBERT KEMP and Another, as His Parents and Natural Guardians, Respondent, v CORRINNE KEMP, as Administratrix of the Estate of ANTHONY J. RANDAZZO, IV, Deceased, Defendant, and ROBERT H. HURLEY, Appellant. [637 NYS2d 893] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying the motion of Robert H. Hurley (defendant) for summary judgment dismissing the complaint. Where, as here, "defendant establishes that a head-on collision was caused by plaintiff's crossing over into defendant's lane of travel, defendant has established 'a complete defense to plaintiff's action' " (Gouchie v Gill, 198

AD2d 862, quoting *Eisenbach v Rogers,* 158 AD2d 792, *lv denied* 79 NY2d 752). In response, plaintiff was required to submit evidence in admissible form sufficient to create a triable issue of fact whether defendant's negligence was a contributing cause of the accident *(see, Fuller v Blackbird,* 211 AD2d 886, 887; *Gouchie v Gill, supra).* The contention of plaintiff that defendant's "faulty vision", "advanced age" and medical condition were contributing causes of the accident is without basis in the record. The opinion of plaintiff's accident reconstructionist that defendant could have avoided the accident if his automobile had been farther behind the automobile ahead of him is lacking in foundation and fails to raise a triable issue of fact sufficient to defeat defendant's motion for summary judgment *(see, Terwilliger v Dawes,* 204 AD2d 433, 434; *Roman v Vargas,* 182 AD2d 543, 544-545; *cf., Boyes v DeLellis,* 210 AD2d 931). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.