■ FRANCIS C. FIORE et al., as Administrators of the Estate of LISA M. FIORE, Deceased, et al., Respondents, v CARRIE L. MITROWITZ et al., Respondents, and CHRISTINE L. BLOHM et al., Appellants, et al., Defendant. [720 NYS2d 697] —Order unanimously reversed on the law without costs, motion granted and complaint and cross claims against defendants Christine L. Blohm and John R. Bailey dismissed. Memorandum: Plaintiffs commenced this negligence and wrongful death action after a

motor vehicle accident resulted in the death of plaintiffs' decedent, Lisa Marie Fiore. Fiore was the passenger in a car driven by defendant Carrie L. Mitrowitz. Mitrowitz was driving westbound on a two-lane road and lost control of her vehicle as she rounded a curve in the road. Her vehicle crossed over into the eastbound lane and collided with a truck driven by defendant Christine L. Blohm and owned by defendant John R. Bailey. Supreme Court erred in denying the motion of Blohm and Bailey for summary judgment dismissing the complaint and cross claims against them. Blohm and Bailey established that the head-on collision was caused by the conduct of Mitrowitz in crossing over into Blohm's lane of travel, thereby establishing a complete defense to plaintiffs' action (*see, Moshier v Phoenix Cent. School Dist.,* 199 AD2d 1019, *affd* 83 NY2d 947; *Kemp v Kemp,* 224 AD2d 938; *Gouchie v Gill,* 198 AD2d 862). In opposition to the motion, plaintiffs failed to raise a triable issue of fact whether Blohm was negligent. "A driver in [her] proper lane of travel is not required to anticipate that a car going in the opposite direction will cross over into that lane" (*Gouchie v Gill, supra,* at 862). The opinion of plaintiffs' accident reconstructionist that Blohm could have done something to avoid the accident lacked foundation and was based on speculation, and thus was insufficient to raise a triable issue of fact (*see, Cardy v Garretson,* 277 AD2d 1039; *Kemp v Kemp, supra,* at 939). There was no evidence that there was a sufficient interval of time between Mitrowitz's crossing over into Blohm's lane of travel and the collision to enable Blohm to react to avoid the collision (*cf., Trevino v Castro,* 256 AD2d 6). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.