■ MAURICE MINOR et al., Appellants, v C & J ENERGY SAVERS, INC., et al., Respondents. [883 NYS2d 587]—

In an action to recover damages for wrongful death and personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered February 22, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On October 30, 2004, the plaintiffs' decedent was killed when the automobile she was driving was struck by a tanker truck driven by the defendant Clayton W. Sprague and owned by the defendant C & J Energy Savers, Inc. The decedent was driving eastbound on Jerusalem Avenue in Hempstead when her automobile crossed into the westbound lanes and was struck by the oncoming truck. The uncontradicted evidence was that the truck was being driven within the speed limit and had not violated any traffic laws.

In support of their motion for summary judgment, the defendants relied on, inter alia, Sprague's deposition testimony. Sprague testified that the decedent's car crossed into his path, and that, despite his applying the brakes, he was unable to avoid colliding with it. In opposition to the defendants' motion, the plaintiffs submitted evidence that the decedent's automobile had been signaling to make a left turn and was slowing down shortly before the collision, and that the collision occurred within no more than approximately three seconds after the decedent's automobile crossed over into oncoming traffic. The Supreme Court granted the defendants' motion. We affirm.

The defendants met their prima facie burden on their motion for summary judgment by establishing through Sprague's deposition testimony that he was driving his truck in accordance with all traffic rules and was faced with an emergency situation not of his own making. "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic. Such an event constitutes a classic emergency situation, thus implicating the 'emergency doctrine' " (*Gajjar v Shah,* 31 AD3d 377, 377-378 [2006]; *see Palma v Garcia,* 52 AD3d 796, 797 [2008]). Sprague's reaction, applying the brakes, was reasonable under the circumstances (*see Gajjar v Shah,* 31 AD3d at 378). The burden thus shifted to the plaintiffs to demonstrate the existence of a triable issue of fact. They failed to do so. The evidence submitted by the plaintiffs merely raised an issue as to whether the decedent signaled for a turn, but it did not raise any issue as to whether Sprague was driving his vehicle in a unsafe manner, whether the decedent had the right-of-way, or whether Sprague's operation of the truck was in any manner a proximate cause of the accident (*see Dubi v Jericho Fire Dist.,* 22 AD3d 631, 632 [2005]; *Palma v Garcia,* 52 AD3d at 797). Indeed, the evidence established that Sprague had almost no time to react after the decedent's automobile crossed over into the westbound lanes.

In light of our determination, we need not reach the parties' remaining contentions. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.