JULISSA RIVERA et al., Appellants, v LEONARD P. CORBETT et al., Respondents, et al., Defendant. [892 NYS2d 790]—

A vehicle owned and operated by the defendant Nelson

DeJesus, Jr., collided with a vehicle owned by the defendant Leonard P. Corbett and operated by the defendant Hope A. Riley (hereinafter together the respondents). The injured plaintiffs were passengers in the DeJesus vehicle. As a result, the injured plaintiffs, and the parents of the infant plaintiffs, on behalf of their children and derivatively, commenced this action against the defendants.

The respondents established their entitlement to judgment as a matter of law by demonstrating that Riley was lawfully operating the Corbett vehicle within her own lane of traffic when the DeJesus vehicle entered into her lane of traffic and collided with the Corbett vehicle (*see* Vehicle and Traffic Law § 1128 [a]; *Summers v Teddy Cab Corp.*, 50 AD3d 671 [2008]; *Shuman v Maller*, 45 AD3d 566, 567 [2007]; *Jacino v Sugerman*, 10 AD3d 593 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the comparative negligence of the respondents. The plaintiffs' contention that the motion was premature was without merit (*see* CPLR 3212 [f]; *Neryaev v Solon*, 6 AD3d 510 [2004]). Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.