■ OLIVENYA CASCANTE, Plaintiff, v BAZAR KAKAY et al., Appellants, and KHALID MOHAMMED, Respondent. [931 NYS2d 295]—

Mohammed established his prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when the vehicle in which she was riding, which was operated by defendant Kakay and owned by defendant Chester Cab Corp. (collectively Kakay), collided with Mohammed's vehicle. Mohammed demonstrated that Kakay's negligence was the sole proximate cause of the accident by submitting, inter alia, deposition testimony of plaintiff and Mohammed indicating that the accident at issue occurred when, while driving northbound, Kakay drove from the left lane into the right lane, without first ascertaining whether he could safely change lanes (*see* Vehicle and Traffic Law § 1128 [a]; *Flores v City of New York*, 66 AD3d 599 [2009]).

In opposition, Kakay failed to raise a triable issue of fact. Although plaintiff's testimony is somewhat unclear as to whether Mohammed's vehicle was traveling northbound and parallel to Kakay's vehicle, or whether it was heading westbound when it entered the intersection where the accident occurred, such testimony does not contradict the evidence establishing that Kakay was negligent and the sole proximate cause of the accident (*see Zummo v Holmes*, 57 AD3d 366 [2008]; *see also Rivera v Corbett*, 69 AD3d 916 [2010]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.