■ MARC COLANDREA, Respondent, v TENZIN CHOKU et al., Appellants. [943 NYS2d 166]—

In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Kings County (Lewis, J.), dated April 8, 2011, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2), as limited by their brief, from so much of an order of the same court dated June 3, 2011, as denied those branches of their motion which were to (a) vacate the note of issue and certificate of readiness for trial, (b) strike the matter from the trial calendar, and (c) direct the plaintiff to appear for a deposition and submit to an independent physical examination.

Ordered that the order dated April 8, 2011, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 3, 2011, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and those branches of the defendants' motion which were to (a) vacate the note of issue and certificate of readiness for trial, (b) strike the matter from the trial calendar, and (c) direct the plaintiff to appear for a deposition and submit to an independent physical examination are granted.

On July 8, 2010, the plaintiff was operating his motorcycle northbound on West Street in Manhattan. As he approached the intersection of West Street and North Moore Street, with a green traffic light, the plaintiff attempted to go through the intersection and was struck by an automobile operated by the defendant Tenzin Choku and owned by the defendant I and I Cab Corp. Choku had been traveling southbound on West Street when, as he attempted to make either a U-turn or a left turn at the intersection, he entered the northbound lane of West Street and collided with the plaintiff.

After issue was joined, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The defendants opposed the motion. In an order dated April 8, 2011, the Supreme Court granted the motion, and the defendants appeal from that order. Thereafter, the defendants moved, inter alia, to (a) vacate the note of issue and certificate of readiness for trial, (b) strike the matter from the trial calendar, and (c) direct the plaintiff to appear for a deposition and submit to an independent physical examination. In an order dated June 3, 2011, the Supreme Court, among other things, denied those branches of the defendants' motion, and the defendants also appeal from that part of the order.

In support of his motion for summary judgment on the issue of liability, the plaintiff made a prima facie showing that he had the right of way, that he was entitled to anticipate that Choku would obey the traffic laws which required Choku to yield, and that Choku's failure to yield was the proximate cause of the accident (see Ahern v Lanaia, 85 AD3d 696 [2011]; Vainer v DiSalvo, 79 AD3d 1023 [2010]; Loch v Garber, 69 AD3d 814 [2010]; Palomo v Pozzi, 57 AD3d 498 [2008]). The plaintiff also made a prima facie showing that he was free of comparative fault (see Bonilla v Gutierrez, 81 AD3d 581 [2011]; Roman v A1 Limousine, Inc., 76 AD3d 552 [2010]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was at fault in the happening of

the accident (see *Vainer v DiSalvo*, 79 AD3d at 1024; *Yelder v Walters*, 64 AD3d 762, 764 [2009]). To the extent the defendants suggest the possibility that the accident might have been avoided, or that the plaintiff may have been speeding, such assertions, upon this record, are completely speculative and inadequate to withstand summary judgment (see *Socci v Levy*, 90 AD3d 1020 [2011]; *Loch v Garber*, 69 AD3d at 816; *Berner v Koegel*, 31 AD3d 591, 592 [2006]; *Jacino v Sugerman*, 10 AD3d 593, 595 [2004]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.

The Supreme Court improvidently exercised its discretion, however, in denying those branches of the defendants' timely motion which were to (a) vacate the note of issue and certificate of readiness for trial, (b) strike the matter from the trial calendar, and (c) direct the plaintiff to appear for a deposition and submit to an independent physical examination. "While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745 [2000]). Here, although the defendants may have waived their right to conduct a deposition and independent physical examination of the plaintiff by their failure to schedule and complete the deposition and examination by the dates set forth in a preliminary conference order, the circumstances of this case warranted relieving the defendants of the waiver, particularly since there was no prejudice to the plaintiff (see *Barbosa v Capolarello*, 52 AD3d 629 [2008]; *High Point of Hartsdale I Condominium v AOI Constr., Inc.*, 31 AD3d 711 [2006]; *Venia v 18-05 215th St. Owners*, 288 AD2d 463 [2001]; *Poltorak v Blyakham*, 225 AD2d 600 [1996]). Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were to (a) vacate the note of issue and certificate of readiness for trial, (b) strike the matter from the trial calendar, and (c) direct the plaintiff to appear for a deposition and submit to an independent physical examination. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.