In an action to recover damages for personal injuries, the defendants appeal from an amended order of the Supreme Court, Queens County (Hart, J.), entered July 19, 2013, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the amended order is affirmed, with costs.
The plaintiffs vehicle was involved in an accident with a tractor, attached to which was a 52-foot trailer, owned by the defendant Patrix Trucking NY Corp., and operated by the defendant Jose S. Quito-Sanchez, while both vehicles were traveling westbound on Liberty Avenue, at its intersection with 170th Street, in Queens. The plaintiff commenced this action against the defendants to recover damages for personal injuries.
The plaintiff moved for summary judgment on the issue of liability. In support of her motion, she submitted her own affidavit, in which she stated that, as she was proceeding west on Liberty Avenue in the right lane approaching the subject intersection, the tractor-trailer truck operated by Quito-Sanchez was also traveling west on Liberty Avenue to the left of, and alongside, her vehicle. She also stated that, as both vehicles reached the subject intersection, the defendants’ tractor-trailer truck made a right turn onto 170th Street from the left lane of Liberty Avenue and struck the driver’s side of her vehicle. In opposition, the defendants submitted the affidavit of Quito- *944 Sanchez, who stated that he checked his mirrors before moving from the left lane into the right lane with the intention of making a right turn and saw that it was clear, and that only after his truck was across the right lane, did he notice the plaintiff s vehicle, which was speeding. He also stated that the plaintiff was not “paying attention.” The Supreme Court granted the plaintiffs motion.
The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through her affidavit, which demonstrated that Quito-Sanchez was negligent because he violated Vehicle and Traffic Law § 1128 (a), that his negligence was the sole proximate cause of the accident, and that she was free from comparative fault (see Ducie v Ippolito, 95 AD3d 1067, 1068 [2012]; Colandrea v Choku, 94 AD3d 1034, 1035 [2012]; Ahern v Lanaia, 85 AD3d 696, 696 [2011]; Vainer v DiSalvo, 79 AD3d 1023, 1023-1024 [2010]; see also DeLuca v Cerda, 60 AD3d 721, 722 [2009]).
In opposition to the plaintiffs prima facie showing, the defendants failed to raise a triable issue of fact as to whether the plaintiff was at fault in the happening of the accident (see Colandrea v Choku, 94 AD3d at 1035; Vainer v DiSalvo, 79 AD3d at 1024). Specifically, the defendants’ opposition to the motion, in part, consisted of speculative assertions that were inadequate to withstand summary judgment (see Ducie v Ippolito, 95 AD3d at 1068; Colandrea v Choku, 94 AD3d at 1035; Vainer v DiSalvo, 79 AD3d at 1024).
The defendants’ remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the plaintiff’s motion for summary judgment on the issue of liability.
Dickerson, J.E, Chambers, Austin and Sgroi, JJ., concur.