■ Nicole Peluso, Appellant, v Claudia Martinez et al., Respondents. [24 NYS3d 731]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 9, 2015, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, her cross motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

On February 23, 2013, on State Route 9, South Road, in

Poughkeepsie, a vehicle operated by the plaintiff and a vehicle owned by the defendant Alice Greigo and operated by the defendant Claudia Martinez collided as they were both headed northbound.

In support of their motion for summary judgment dismissing the complaint, the defendants relied upon, inter alia, the plaintiff's and Martinez's deposition transcripts. This evidence, even when viewed in the light most favorable to the plaintiff, established, prima facie, that the actions of the plaintiff were the sole proximate cause of the collision. The transcripts established that the plaintiff failed to see the defendants' vehicle, which was in the middle lane, as she attempted to merge into the middle lane from the left lane. The transcripts established, prima facie, that the plaintiff violated Vehicle and Traffic Law § 1128 (a), and that Martinez, who had the right-of-way and virtually no time to react to the plaintiff's vehicle coming into her lane, was not at fault in the happening of the accident (*see Reyes-Diaz v Quest Diagnostic Inc.*, 123 AD3d 790 [2014]; *Walker v Patrix Trucking NY Corp.*, 115 AD3d 943, 944 [2014]; *Singh v Thomas*, 113 AD3d 748 [2014]; *Rivera v Corbett*, 69 AD3d 916 [2010]; *Shuman v Maller*, 45 AD3d 566 [2007]; *Neryaev v Solon*, 6 AD3d 510 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.