◼ NANCY ELLEN LEONARD, as Administratrix of the Estate of FRANK T. HERMAN, JR., Deceased, Appellant, v JULIO POMARICO et al., Respondents, et al., Defendants. [27 NYS3d 670]—

In an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 17, 2014, which granted the motion of the defendant L.T. Associates, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate renewed motions of the defendants Julio Pomarico and Jiloy Leasing Company, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

On July 10, 2008, the plaintiff's decedent, Frank T. Herman, was involved in a motor vehicle accident in which he sustained injuries that caused his death a few days later. The defendant Julio Pomarico and a police officer who witnessed the accident, Paul O'Brien, each testified at their depositions that, moments before the accident, Herman was driving his vehicle eastbound on Route 454 in Hauppauge, in the rightmost lane of the three-lane eastbound roadway. Pomarico was driving a tractor-trailer owned by the defendant Jilroy Leasing Company, Inc. (hereinafter Jilroy), and leased to the defendant L.T. Associates, Inc. (hereinafter LTA), in the center lane, 75 feet or less behind Herman's vehicle. As the vehicles approached a fork in the road, where Route 347 diverged from Route 454—Route 347 to the left and Route 454 to the right—they reached a point where solid lane markers indicated that lane changes were no longer permitted. According to the deposition testimony of Pomarico and O'Brien, when Herman's vehicle was already past the point where lane changes were no longer permitted, Herman suddenly moved his vehicle into the center lane and slowed down, in order to travel on Route 347, rather than continue in his lane on Route 454. Although Pomarico slammed on the brakes of the tractor-trailer, it collided with Herman's vehicle, causing Herman's injuries. The plaintiff, as the administrator of

Herman's estate, commenced this action against, among others, Pomarico, Jilroy, and LTA (hereinafter collectively the defendants), alleging that their negligence in operating or maintaining the tractor-trailer was a proximate cause of the accident. As relevant here, the Supreme Court granted LTA's motion for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate renewed motions of Pomarico and Jilroy for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff appeals, and we affirm.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting evidence demonstrating that Herman made an unsafe lane change into the path of the defendants' tractor-trailer in violation of Vehicle and Traffic Law § 1128 (a) (*see Meng Wai Wang v Dailly News, L.P.*, 90 AD3d 624, 624 [2011]), and that Pomarico's response, which included slamming on the brakes, was reasonable under the emergency doctrine (*see Minor v C & J Energy Savers, Inc.*, 65 AD3d 532, 533 [2009]). The defendants also established, prima facie, that their alleged negligence was not a proximate cause of the accident. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted LTA's motion and the separate renewed motions of Pomarico and Jilroy for summary judgment dismissing the complaint insofar as asserted against each of them (*see generally Peluso v Martinez*, 136 AD3d 769 [2d Dept 2016]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.