# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**572**
**CA 15-01755**
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

JABARI PENDA, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

MARY J. DUVALL, LEKEISHA N. DENMAN-DUVALL,
DEFENDANTS,
AND MICHAEL F. BARTOWSKI, DEFENDANT-APPELLANT.

---

HAGELIN KENT LLC, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ROBERT E. LAHM PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered June 11, 2015. The order denied the
motion of defendant Michael F. Bartowski for summary judgment
dismissing the complaint against him.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the complaint against defendant Michael F. Bartowski is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained as a passenger in a motor vehicle accident.
Defendant Michael F. Bartowski moved for summary judgment dismissing
the complaint against him, contending that the negligence of defendant
Lekeisha N. Denman-Duvall was the sole proximate cause of the
accident. Bartowski appeals from an order denying that motion, and we
now reverse.

It is well settled that "[a] driver who has the right-of-way is
entitled to anticipate that other drivers will obey the traffic laws
requiring them to yield to the driver with the right-of-way . . .
Although a driver with the right-of-way has a duty to use reasonable
care to avoid a collision . . . , a driver with the right-of-way who
has only seconds to react to a vehicle that has failed to yield is not
comparatively negligent for failing to avoid the collision" (*Vazquez v
New York City Tr. Auth.*, 94 AD3d 870, 871; *see Walker v Patrix
Trucking NY Corp.*, 115 AD3d 943, 944). Here, we conclude that
Bartowski demonstrated his prima facie entitlement to judgment as a
matter of law by submitting evidence that, at the time of impact, he
was lawfully proceeding in the center lane of travel when Denman-
Duvall lost control of her vehicle after striking a large puddle of

water, and that within seconds, Denman-Duvall's vehicle entered Bartowski's lane from the left lane and collided with his vehicle (*see Vazquez*, 94 AD3d at 871; *Rivera v Corbett*, 69 AD3d 916, 917).

Contrary to Supreme Court's determination, we further conclude that plaintiff's submissions in opposition failed to raise a triable issue of fact (*see Walker*, 115 AD3d at 944; *Vainer v DiSalvo*, 79 AD3d 1023, 1024).  Plaintiff's expert's affidavit is "speculative and conclusory inasmuch as the expert failed to submit the data upon which he based his opinions, and thus the affidavit had no probative value" (*Costanzo v County of Chautauqua*, 110 AD3d 1473, 1473).  Further, "[s]peculation regarding evasive action that a defendant driver should have taken to avoid a collision, especially when the driver had, at most, a few seconds to react, does not raise a triable issue of fact" (*Hubbard v County of Madison*, 93 AD3d 939, 942, *lv denied* 19 NY3d 805 [internal quotation marks omitted]; *see Fiore v Mitrowitz*, 280 AD2d 919, 920).

The opinion of plaintiff's expert that Bartowski was driving at an imprudent speed for the road conditions also is speculative and therefore insufficient to raise an issue of fact to defeat the motion (*see Stewart v Kier*, 100 AD3d 1389, 1390).  Moreover, even if the expert's opinion as to speed was based on physical evidence, it still fails to raise an issue of fact inasmuch as it does not address whether the speed at which Bartowski was traveling was a proximate cause of the accident (*see Heltz v Barratt*, 115 AD3d 1298, 1299, *affd* 24 NY3d 1185; *Wallace v Kuhn*, 23 AD3d 1042, 1044).

Finally, plaintiff's assertion that the motion should be denied based on his expert's opinion that there are "many questions of fact" is without merit because it addresses an issue of law, and "[e]xpert opinion as to a legal conclusion is impermissible" (*Colon v Rent-A-Center*, 276 AD2d 58, 61; *see generally Singh v Kolcaj Realty Corp.*, 283 AD2d 350, 351; *Sawh v Schoen*, 215 AD2d 291, 293-294).