Ferguson v City of New York (2022 NY Slip Op 05991)

Ferguson v City of New York

2022 NY Slip Op 05991

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04420
 (Index No. 712752/17)

[*1]Chelsea L. Ferguson, respondent, 
v
City of New York, defendant, Metropolitan Transportation Authority, et al., appellants.

Anna Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Gregory Spektor & Associates, P.C., Rosedale, NY (Sol Z. Sokel of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority, New York City Transit Authority, and Kellie A. Lucas appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), dated May 15, 2020. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants New York City Transit Authority and Kellie A. Lucas.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 12, 2016, a vehicle operated by the plaintiff was involved in an accident with a bus owned by the defendant New York City Transit Authority (hereinafter NYCTA) and operated by the defendant Kellie A. Lucas, an employee of the NYCTA, on Merrick Boulevard, at or near its intersection with Belknap Street, in Queens. The plaintiff commenced the instant action against, among others, the defendant Metropolitan Transportation Authority (hereinafter MTA), NYCTA, and Lucas (hereinafter collectively the transit defendants) to recover damages for personal injuries, alleging, inter alia, that the transit defendants were negligent in, among other things, their ownership and operation of the bus at issue on the date of the accident.
After discovery was complete, the transit defendants moved for summary judgment dismissing the complaint insofar as asserted against them. As to NYCTA and Lucas, the transit defendants argued that summary judgment dismissing the complaint insofar as asserted against them was proper on the grounds that the plaintiff violated Vehicle and Traffic Law §§ 1122 and 1128, and that Lucas was not at fault in the happening of the accident. The Supreme Court, inter alia, denied those branches of the transit defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against NYCTA and Lucas. The transit defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Aponte v Vani, 155 AD3d 929, 930 [internal quotation marks omitted]; see Gaudio v City of New York, 189 AD3d 1546, 1547-1548). A driver has a duty not to merge into a lane of moving traffic until it is safe to do so, and a violation of this duty constitutes negligence as a matter of law (see [*2]Vehicle and Traffic Law § 1128[a]; Choo v Virginia Transp. Corp., 204 AD3d 743, 744; Edwards v J & D Express Serv. Corp., 180 AD3d 871, 872).
Here, in support of their motion, the transit defendants established, prima facie, that the plaintiff violated, at a minimum, Vehicle and Traffic Law § 1128(a) and that Lucas was not at fault in the happening of the accident (see Peluso v Martinez, 136 AD3d 769, 770).
However, in opposition, the plaintiff raised a triable issue of fact as to whether Lucas was at fault in the happening of the accident. In opposition to the motion, the plaintiff submitted, inter alia, the transcript of her deposition testimony. That deposition testimony, when viewed in the light most favorable to the plaintiff as the nonmovant (see Sage v Taylor, 195 AD3d 971; Gobin v Delgado, 142 AD3d 1134, 1135), raised a triable issue fact as to whether it was Lucas who violated Vehicle and Traffic Law § 1128(a) (see Qureshi v Brinks, Inc., 133 AD3d 737; Kaur v Demata, 123 AD3d 772, 773; Gluck v New York City Tr. Auth., 118 AD3d 667, 669). Contrary to the transit defendants' contention, the bus camera video footage of the accident did not unequivocally demonstrate that Lucas was not at fault in the happening of the accident.
Accordingly, the Supreme Court properly denied those branches of the transit defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against NYCTA and Lucas.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court