Jean-Pierre v Wang Chiang Ho (2025 NY Slip Op 03709)

Jean-Pierre v Wang Chiang Ho

2025 NY Slip Op 03709

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-10387
 (Index No. 720059/20)

[*1]Martha Jean-Pierre, appellant, 
v
Wang Chiang Ho, et al., respondents.

Blank & Star, PLLC, Brooklyn, NY (Helene E. Blank and Scott Star of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated November 7, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed, without costs or disbursements.
In September 2020, the plaintiff was operating her vehicle when it collided with a vehicle that was being operated by the defendant Wang Chiang Ho (hereinafter the defendant driver) and was owned by the defendant Shengroup, LLC. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries she allegedly sustained as a result of the accident. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. In an order dated November 7, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Garutti v Kim Co. Refrig. Corp., 222 AD3d 728, 728-729 [internal quotation marks omitted]; see Flores v Rubenstein, 175 AD3d 1490, 1490-1491). To be entitled to summary judgment on the issue of liability, a plaintiff does not have the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325). However, the issue of a plaintiff's comparative negligence may be decided in the context of a plaintiff's motion for summary judgment on the issue of liability where, as here, the plaintiff also seeks dismissal of an affirmative defense alleging comparative negligence (see Garutti v Kim Co. Refrig. Corp., 222 AD3d at 728; Ramirez v Wangdu, 195 AD3d 646, 646).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, a certified amended police accident report and her affidavit, which demonstrated that the defendant driver negligently attempted to change lanes and move into the plaintiff's lane of travel when it was unsafe to do so, and that his negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1128[a]; Williams v Morse, 227 AD3d 753, 754; Salama v Piccirillo, 223 AD3d 692, 693). The plaintiff further established her [*2]prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging comparative negligence by demonstrating that she was not comparatively at fault in the happening of the accident.
In opposition, the defendants raised a triable issue of fact on the issue of liability and the plaintiff's comparative negligence by submitting, inter alia, the defendant driver's affidavit, which indicated that the plaintiff negligently attempted to change lanes and move into the defendant driver's lane of travel when it was unsafe to do so, and that her negligence was the sole proximate cause of the accident (see Ferguson v City of New York, 209 AD3d 981, 982). Contrary to the plaintiff's contention, the credibility of the defendant driver's assertion in his affidavit that he did not make the statement attributed to him in the certified amended police accident report is for a jury to determine (see Arnold v Shepitka, 231 AD3d 1105, 1106; Smith-Joyner v Barahona, 227 AD3d 924, 927; Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 621).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court